LAW OFFICES
## PARTNERSHIP FOR CIVIL JUSTICE, INC.
1901 PENNSYLVANIA AVENUE, N.W.
SUITE 607
WASHINGTON, D.C. 20006

CARL MESSINEO*
MARA VERHEYDEN-HILLIARD*
*ADMITTED IN D.C. AND N.Y.

TELEPHONE
(202) 530-5830

FACSIMILE
(202) 530-5634

April 1, 2004

Edith Shine
U.S. Attorney's Office
555 4th Street, N.W.
Room 10-447
Washington, DC 20530

Robert E. Deso
1828 L St., N.W.
Suite 660
Washington, DC 20036                    *via facsimile*

Re:   Deposition Scheduling and Discovery Deadlines

Dear Ms. Shine and Mr. Deso:

    Ms. Shine has registered that she has been inconvenienced by a "late" cancellation of a deposition ostensibly for today.

    My office has been in direct telephone communication with Mr. Koger this week regarding scheduling, additionally sending a facsimile to him on March 30, 2004 confirming depositions scheduled, including Charlcie Legler, and a facsimile sent on March 31, 2004 confirming the same, as well as an e-mail (consisting of a duplicate of that day's earlier sent to him later in the day) on March 31, 2004.

    Mr. Koger has been the point person for the scheduling of the depositions which his client unilaterally noticed. Previously, this office worked to facilitate coordinated deposition scheduling, instead of the defendant's unilateral approach. We believed the defendants were coordinating their communication with each other. The fax transmittal records of my office's communications to Mr. Koger reflect successful transmission. I do not know why Mr. Koger either did not receive, or have brought to his attention, these communications. I have enclosed a copy of the March 30, 2004 facsimile to Mr. Koger.

Yesterday, Ms. Shine requested an extension within which the federal government could produce its responses to discovery, up to and including April 19, 2004. We advised that we would accommodate this request.

Today, Ms. Shine called with a correction, that the federal government sought an additional period of enlargement until May 19, 2004. We will not oppose this request, provided this is a final deadline for production, and that the federal defendants produce what materials they have assembled currently and supplement as they become available. If the defendants intend to assert any objections to our discovery requests based on privilege or otherwise, those objections should be made by April 19, so that we can proceed as needed in that area. These provisions will need to be included in any consent motion and proposed order.

Sincerely,

Carl Messineo

cc:   Tom Koger

LAW OFFICES

## PARTNERSHIP FOR CIVIL JUSTICE, INC.

1901 PENNSYLVANIA AVENUE, N.W.
SUITE 607
WASHINGTON, D.C. 20006

CARL MESSINEO*
MARA VERHEYDEN-HILLIARD*
*ADMITTED IN D.C. AND N.Y.

TELEPHONE
(202) 530-5630

FACSIMILE
(202) 530-5634

March 30, 2004

Tom Koger
Office of the Corporation Counsel
441 Fourth Street, NW
Washington, DC 20001

*Via Facsimile*

   Re: *Barham et al. v. Ramsey et al.*

Dear Mr. Koger:

   As I told you in our phone conversation on Wednesday, March 24, we are endeavoring to schedule depositions for all the plaintiffs in this matter. We are writing to advise you of four more depositions of plaintiffs, all in accordance with the dates unilaterally noticed by the District. Those dates are as follows:

   Monday, April 5 - Miles Swanson
   Wednesday, April 14 - Brian McAteer
   Friday, April 30 - Casey Legler
   Monday, May 24 - Charlcie Legler

   We will continue to notify you as we confirm additional dates.

Sincerely,

*Sarah Sloan*

Sarah Sloan
Legal assistant

Law Offices
# PARTNERSHIP FOR CIVIL JUSTICE, INC.
1901 PENNSYLVANIA AVENUE, N.W.
SUITE 807
WASHINGTON, D.C. 20006

CARL MESSINEO*
MARA VERHEYDEN-HILLIARD*
*ADMITTED IN D.C. AND N.Y.

TELEPHONE
(202) 630-3830

FACSIMILE
(202) 530-5634

April 2, 2004

Edith Shine
U.S. Attorney's Office
555 4th Street, N.W.
Room 10-447
Washington, DC 20530                    *via facsimile*

Re:   Barham et al v. Ramsey et al; Federal Defendants Due Discovery Production

Dear Ms. Shine:

You have requested plaintiffs clarify their position with respect to our *consent* to your requested enlargement of time within which to produce responses to discovery. I do not think there is any lack of clarity.

On March 31, 2004, you called and asked for an enlargement of time within which to respond to plaintiffs' discovery requests. *We agreed to fully accommodate your client's request for this enlargement of time.* You were uncertain about the exact date to which your client required an enlargement, and suggested April 15. In discussion, I suggested that if there was uncertainty, that the following Monday, April 19, 2004 would not be objected to by plaintiffs. That was the date we settled upon.

You called me on April 1, 2004, and advised that you had inaccurately calculated the date until which your client was seeking the enlargement. You advised that the requested date was May 17, 2004.[1] *We agreed again to accommodate your client's request for this extended enlargement of time, so long as there was a facilitation of orderly and forward movement of discovery.*

We advised in our written confirmation of that discussion, given the relatively late date

---

[1] I erroneously wrote in my March 31, 2004 facsimile that the requested enlargement was up to and including May *19*. In our tele-communications today, you have asked that I correct the "mischaracterizations" in that facsimile. To the extent that this is considered by you to be a mischaracterization, please consider the written record corrected.

that was being set for discovery responses, that 1) the federal defendants agree that this would be the final deadline for producing its responses, 2) that the federal defendants produce what materials they have assembled currently and supplement as materials become available, and 3) that should defendants intend to assert any objections to discovery requests based on privilege or otherwise, that they make those objections by April 19, 2004, so that we could proceed to identify and narrow areas of disagreement without need for judicial intervention.

You called today, and I elaborated that with respect to discovery objections, that plaintiffs were *not* seeking production by April 19 of a document by document privilege log. I explained that, given that plaintiffs had provided a detailed and numbered request for production of documents, if the federal defendants had any categorical objections to producing responses to any of those enumerated areas, in whole or in part, that those categorical objections be asserted by April 19 so that we could begin to address those issues in order to facilitate resolution of document withholding in a timely fashion.

We are not seeking to preclude federal defendants' ability to produce responses past May 17, but that they endeavor that the bulk of their responses be produced by the date *which they proposed.*

You advised that:

- The federal defendants would *not* commit to a firm deadline for discovery production and that May 17 would be *the start* of production;

- The federal defendants would *not* agree to produce what documents it has assembled to date in response to the pending request, nor would the federal defendants be willing to supplement their production should documents be assembled in whole or part prior to May 17, 2004; and that

- The federal defendants would *not* agree to identify any of their categorical objections to the enumerated categories of documents sought in the discovery requests, where the government is refusing to produce documents, and would only produce "general objections."

Plaintiffs' position remains reasonable and unchanged. We will not oppose your requested enlargement, if you would agree to the above-referenced conditions that are calculated to ensure an orderly and forward movement of discovery *while fully accommodating your clients' request for an enlargement.*

We would encourage the federal defendants to reconsider their position.

Sincerely,

Carl Messineo