UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAYMING CHANG, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 02-02010 (EGS)(AK) |
| UNITED STATES, *et al.* | * | |
| Defendants. | * | |
| | * | |

| | | |
|---|---|---|
| JULIE ABBATE, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 03-00767 (EGS)(AK) |
| CHIEF CHARLES H. RAMSEY, *et al.* | * | |
| Defendants. | * | |
| | * | |

| | | |
|---|---|---|
| JEFFREY BARHAM, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 02-02283 (EGS) |
| CHARLES H. RAMSEY, *et al.*, | * | |
| Defendants. | * | |
| | * | |

## CONSENT MOTION FOR APPROVAL OF PAYMENT OF INTERIM ATTORNEY FEES

## INTRODUCTION

This consent motion pertains to the representation of defendant MPD Assistant Chief Peter Newsham by Robert E. Deso, Esquire for the period from October 22, 2003 through March 31, 2004. Normally the Office of Corporation Counsel provides representation for individual MPD police officers. However, in this case, the District did not represent Assistant Chief Newsham due to a potential conflict of interest. The "Consolidated Second Amended Complaint for Damages and Injunctive and Declaratory Relief" in the *Chang* case was filed on September 25, 2003; the Second Amended Complaint in the *Barham* case, adding Newsham as a defendant, was filed in December 2003; the Amended Complaint in the *Abbate* case was filed on December 9, 2003. The Office of Corporation Counsel informed Assistant Chief Newsham in October 2003 that it could not represent him in the *Chang* case. Accordingly, he sought representation from Mr. Deso pursuant to D.C. Code § 5-115.04. Mr. Deso represents Newsham in the *Chang, Barham* and *Abbate* cases, at the request of Newsham and the Office of the Corporation Counsel.

## WORK PERFORMED

In October 2003 Mr. Deso moved to dismiss Newsham as a defendant in the *Chang* case, in which he was named solely in his representative capacity. In October, November and December 2003 Mr. Deso represented Assistant Chief Newsham at his deposition before the City Council and during his testimony before the City Council, with respect to the inquiry being conducted by the Council regarding the arrests from which the

*Chang, Barham* and *Abbate* cases arose. Mr. Deso also filed motions to dismiss Newsham on grounds of qualified immunity from the *Barham* and *Abbate* cases, in which he is sued in his individual capacity as well as his official capacity. Mr. Deso also coordinated closely with Thomas L, Koger, Senior Litigation Counsel, who represents the District, Mayor Williams and Chief Ramsey. Mr. Deso also prepared discovery requests to the plaintiffs in each of the three cases on behalf of Assistant Chief Newsham. Mr. Deso has also attended a number of depositions in the *Chang, Abbate* and *Barham* cases. Motions hearings had been scheduled for February 11, 2004 but were postponed due to a court conflict.

Given the likelihood that this litigation will continue for many months, if the cases are not settled, defendant Newsham, with the consent of the District, seeks an interim award of attorney fees at this time.

## **LEGAL BASIS FOR AWARD**

The District of Columbia's obligation to reimburse MPD police officers who are defendants in civil suits such as this, where the District does not represent them, is based on D.C. Code § 5-115.04 which states as follows:

(a) in accordance with regulations prescribed by the Council of the District of Columbia, the Corporation Counsel of the District of Columbia shall represent any officer or member of the Metropolitan Police Department, if he so requests, in any civil action for damages resulting from an alleged wrongful arrest by such officer or member.

(b) if the Corporation Counsel fails or is unable to represent such officer or member when requested to do so, the Mayor of the District of Columbia shall compensate such officer or member for reasonable attorney fees (as determined by the Court) incurred by him in his defense of the action against him.

This case is based on allegations by the plaintiffs that defendant Newsham falsely arrested them and violated their constitutional rights at Pershing Park on September 27, 2002.

## **REASONABLENESS OF THE FEES**

Counsel for defendant Newsham has presented to the District monthly itemized statements of fees and costs for representation since October 2003. Copies of the itemized billing statements are enclosed herewith as Exhibit 1. A copy of Mr. Deso's Curriculum Vitae is enclosed as Exhibit 2. A copy of the *Laffey* matrix is enclosed as Exhibit 3. The Office of Corporation Counsel has determined that the interim fees requested are reasonable, and the District and Assistant Chief Newsham have reached an agreement to pay the interim fees and costs in satisfaction of D.C. Code § 5-115.04, subject to approval of the Court. Therefore, the parties present for the Court's approval an Order for the payment of the amount of $38,480.24 to Mr. Deso in satisfaction of the District's interim obligation under D.C. Code § 5-115.04 for representation provided to Assistant Chief Newsham in this litigation from October 22, 2003 through March 31, 2004.

WHEREFORE, it is requested that the Court approve the agreement of the parties to reimburse to defendant Newsham interim attorney fees and costs incurred on his behalf in the total amount of $38,480.24, to be paid to his counsel, Robert E. Deso, Esq., of Deso, Thomas, Buckley & Stien, P.C.

    Respectfully submitted,

    DISTRICT OF COLUMBIA
    Robert E. Spagnoletti
    Corporation Counsel

Robert C. Utiger
Deputy Corporation Counsel
Equity Division

By: _____
Thomas L. Koger, #427921
Senior Litigation Counsel, Civil Division
441 4th Street, N.W., Sixth Floor South
Washington, D.C. 20001
Counsel for Defendants
District of Columbia, Williams and Ramsey

DESO, THOMAS, BUCKLEY & STIEN, P.C.

By: _____
Robert E. Deso, #174185
1828 L Street, N.W., Suite 660
Washington, D.C. 20036
(202) 822-6333
(202) 822-6665 - Fax