**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
JEFFREY BARHAM, et al.,       )
                              )
            Plaintiffs,       )
                              )    Civ. Action No. 02-2283 (EGS)
       v.                     )
                              )
CHARLES RAMSEY, et al.,       )
                              )
            Defendants.       )
_____)
```

<u>**MEMORANDUM OPINION**</u>

This case arises from arrests in Pershing Park on September 27, 2002 during demonstrations in connection with World Bank and International Monetary Fund meetings in Washington, D.C. Plaintiffs represent a class of individuals who were arrested during the morning of the demonstrations.  Plaintiffs claim violations of their First, Fourth, and Fourteenth Amendment rights, as well as false arrest, imprisonment, and conversion. Pending before the Court is the defendants' motion to propound limited written discovery to the absent class members.  Upon review of the motion, response and reply thereto, the applicable law, and the entire record, the Court **DENIES** defendants' motion.


**I.    BACKGROUND**

The D.C. Circuit's January 13, 2006 opinion details the events at Pershing Park on the morning of September 27, 2002, the aftermath of such events, and the involvement of the District of

Columbia Metropolitan Police Department ("MPD").  *See Barham v.*

*Ramsey*, 434 F.3d 565 (D.C. Cir. 2006).  This Court's July 10,

2007 Memorandum Opinion details the involvement of the federal

defendants[1] in those same events.  The District of Columbia

defendants ("District defendants") and the federal defendants now

both move the Court to allow written interrogatories to be

propounded to the absent class members in this litigation.  While

the District and federal defendants have filed separate motions,

their arguments and proposed interrogatories are virtually

identical.  The plaintiffs have filed a joint opposition and

defendants filed a joint reply.  Thus, the motions will be

addressed concurrently in this opinion.

Defendants seek information regarding the absent class

members' activities and experiences before, during, and after

their arrest at Pershing Park and their subsequent confinement.

Specifically, defendants want to know the details regarding the

absent class members' participation in any demonstration

activities before they entered Pershing Park on September 27,

2002; any physical or physiological injuries sustained or

---

[1] The federal defendants include:  the United States; Gale
Norton, Director of the National Park Service, in her official
capacity; Attorney General Alberto Gonzales, in his official
capacity; Richard Murphy, acting Commander of the Special Forces
Branch of the U.S. Park Police, in his official and individual
capacity; and unidentified officers, supervisors, and law
enforcement agencies, in their official and individual
capacities.

property loss that occurred as a result of being arrested at

Pershing Park; and any effects the experience may have had on the

class members' plans to participate in any future demonstrations.

*See* Dist. Def.'s Mot., Ex 1; Fed. Def.'s Mot. Ex. 2.  Defendants

contend this information is

> critical to determine whether the police defendants
> intentionally conspired to arrest almost 400 people at
> Pershing Park in order to execute unlawful preemptive
> arrests for the purpose of taking off the streets persons
> who were at all times acting lawfully so the class
> members could not exercise their First Amendment Rights,
> or whether, as the defendants contend, the police were in
> good faith attempting to cope with roving groups of
> demonstrators who unilaterally took to the streets
> without permits or other lawful authorization....

District Def.'s Mot. at 11.  Plaintiffs oppose the motion on the

grounds that defendants have not met the standards which

authorize discovery against absent class members in our circuit.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 23 governs the

administration of class action lawsuits and provides for the

efficient and fair administration of controversies where the

class suing or to be sued is sufficiently numerous, shares common

claims, and is adequately represented by named plaintiffs whose

claims are typical of the rest of the class. *See* Fed. R. Civ. P.

23(a).  The rule envisions a "truly representative suit to avoid,

rather than encourage, unnecessary filing of repetitious papers

and motions." *American Pipe & Const. Co. v. Utah*, 414 U.S. 538,

550 (1974). "It is undisputed that the purpose of Rule 23 is to prevent piecemeal litigation to avoid both a multiplicity of suits on common claims resulting in inconsistent adjudications and the difficulties in determining the res judicata effects of a judgment." *Donovan v. University of Texas at El Paso*, 643 F.2d 1201, 1206 (5th Cir. 1981).

Federal Rules 33 and 34 regulate discovery.  While discovery against absent class members under Rules 33 and 34 cannot be had as a matter of course, the "evolving view" is that the Court has the power under its authority to manage class actions under Rule 23(d)[2] to permit reasonable discovery when the circumstances of the case justify it. *United States v. FEOC Trucking Employers, Inc.*, 72 F.R.D. 101, 104 (D.D.C. 1976)(allowing limited discovery upon a showing of necessity).  In *Dellums v. Powell*, 566 F.2d 167 (D.C. Cir. 1977), the defendant did not engage in any pre-trial discovery nor did it ask the Court to certify subclasses.  The D.C. Circuit rejected defendant's request for post-trial discovery of the absent class members, though opined that discovery of absent class members would be permissible in certain cases.  Specifically, the Court declared that discovery against absent class members could not be had as a matter of course, but

---

[2] Rule 23(d)(5) empowers the Court to make appropriate orders to deal with procedural matters in class actions.  *See* F.R.C.P. 23(d)(5).

may be had "relevant to the decision of common questions, when
the interrogatories or document requests are tendered in good
faith and are not unduly burdensome, and when the information is
not available from the representative parties." 566 F.2d at 187.
In a related case, the Circuit warned that discovery against
absent class members "can be a tactic to take undue advantage of
the class members... and further that Rule 23... contemplates
that absentee parties shall remain the passive beneficiaries of
class suits, [therefore] courts have found it necessary to
restrict availability of discovery against absentees to those
instances in which a need can be shown." *Dellums v. Powell*, 566
F.2d 231, 236 (D.C. Cir. 1977)(internal citations omitted).
Finally, the Manual for Complex Litigation explains that "[o]ne
of the principal advantages of class actions over massive joinder
or consolidation would be lost if all class members were
routinely subjected to discovery."  Federal Judicial Center,
Manual for Complex Litigation (Fourth) (2004) § 21.41 at 302.

## III. ANALYSIS

Defendants insist that discovery against the absent class
members is critical to their right to a fair trial and seek leave
to propound 27 interrogatories to the 281 class members who have
been identified based upon MPD arrest records for Pershing Park
for September 27, 2002.  While defendants concede that both this

Court and the Court of Appeals have determined that the arrests
at Pershing Park were unlawful, Dist. Def.'s Mot. at 11 (citing
*Barham v. Ramsey*, 434 F.3d 565, 568 (D.C. Cir. 2006)), they
contend that discovery is critical to the resolution of multiple
issues, namely: whether defendants intentionally conspired to
unlawfully arrest people, whether police motivation was malicious
and conspiratorial, whether the actions of the protestors
justified police action, whether the great majority of persons
arrested were not directed or forced into the park by police but
rather voluntarily entered the park after unlawfully marching
through the streets; and whether the named representatives fairly
represent the class, or, as defendants allege, that most people
forced into the park were not political activists, but rather
bystanders, observers, or non-demonstrators. *See* Dist. Def.'s
Mot. at 11-14.  In addition to the above claims, the federal
defendants also allege that class discovery is necessary to
establish that the federal defendants came to Pershing Park for a
legitimate law enforcement purpose and thereafter rendered lawful
assistance in response to such a request by the MPD.  Fed. Def.'s
Mot. at 12.  Finally, all defendants argue that class members'
activities before, during, and after their arrests are critical
to a determination of damages in this case.  Dist. Def.'s Mot. at
14; Fed. Def.'s Mot. at 17.

The Court agrees that in certain circumstances, discovery against absent class members may be permitted. *See Dellums v. Powell*, 566 F.2d 167 (D.C. Cir. 1977); *United States v. FEOC Trucking Employers, Inc.*, 72 F.R.D. 101 (D.D.C. 1976); *Disability Rights Council v. WMATA*, 2006 U.S. Dist. LEXIS 63424 (D.D.C. 2006).  However, the Court finds that the circumstances of this case do not warrant this unusual measure.

In *United States v. FEOC Trucking Employers*, the United States sought relief under Title VII of the Civil Rights Act of 1964 for discrimination in the trucking industry.  72 F.R.D at 104.  In evaluating plaintiff's request for discovery against absent defendant class members, the Court declared that discovery could be had only when the circumstances of the case justify such action.

> The most important relevant circumstances are that the party seeking the discovery must demonstrate its need for the discovery for purposes of trial of the issues common to the class, that the discovery not be undertaken with the purpose or effect of harassment of absent class members or of altering the membership of the opposing class, and that the interrogatories be restricted to information directly relevant to the issues to be tried by the Court with respect to the class action aspects of the case.

*Id.*  The Court allowed discovery against defendant absent class members because the Court determined the information sought was necessary to the trial of common class issues and neither plaintiffs nor the named defendants had the information. *Id.* at 104-05.

In the instant case, defendants have not made a showing of
necessity.  Defendants have proposed 27 interrogatories for the
absent class members which concern the class members' activities
on September 27, 2002 and beyond.  Specifically, interrogatories
1-15 inquire into the class members' activities prior to their
arrest, and include questions regarding whether class members
walked on streets or sidewalks, whether they obeyed traffic laws,
whether they believed it was legal to walk or ride in the street,
the route class members walked or rode to reach the park, and the
approximate number of people class members observed walking or
riding in the street.  Def.'s Interrogatories, p. 7-9.
Defendants contend this information is crucial to defend against
plaintiffs' claims, and that it specifically speaks to the
existence of a police conspiracy, unlawful police motivation, and
justification for the mass arrest.  Def.'s Reply at 16.
Plaintiffs respond that this information is not necessary because
they have not averred civil conspiracy on behalf of the class and
that defendants' other arguments in support of discovery are
nothing more than post-hoc justification for arrests already
declared unlawful.  Pl.'s Opp'n at 3, 6.

The Court is not persuaded this information is necessary, or
even relevant, to the officers' motivation on September 22, 2007.
Absent class members cannot testify to the state of mind of the
defendants, nor can they speak to whether defendants agreed to

deprive plaintiffs of their constitutional rights.  Rather, only
defendants can present this information to the jury.

Defendants further contend that this information is
necessary to establish that "there was a real, significant and
unlawful incident of roving demonstrations in the streets...
which precipitated the arrests in Pershing Park...."  Def.'s
reply at 5.  Again, defendants have failed to show necessity.  No
one disputes the presence of demonstrators in the District of
Columbia on September 27, 2002.  Defendants have access to
hundreds of officers who can testify to their own observations of
any lawlessness that may have taken place.  This information is
not unavailable from other sources such that only the absent
class members can provide it. *C.f. FEOC Trucking Employees*, 72
F.R.D. at 105.  Furthermore, whether or not absent class members
participated in any such acts is irrelevant at this point,
because this Court and the Court of Appeals have already
determined that defendants lacked probable cause to arrest all
the people in Pershing Park, whether or not specific individuals
among them may have engaged in any earlier unlawful activity. 338
F.Supp.2d 48, 58 (D.D.C. 2004) *aff'd by Barham v. Ramsey*, 434
F.3d 565, 576 (D.C. Cir. 2006).

Interrogatories 16-27 inquire into the class members'
experience of the arrest itself and any potential injuries they
may have suffered.  Defendants claim these questions are

necessary to determine damages, stating that, "given the decisions rendered by this Court and the Court of Appeals, damages may be the major issue in the trial of this case." Def.'s Reply at 8.  However, inquiries into individual damages are not issues "common to the class" as *Dellums* requires.  566 F.2d at 187.  As plaintiffs point out, there have been multiple groups of settlement pertaining to the September 27, 2002 arrests and in not one of those settlements or related offers of judgment has there been an individualization of damages on any basis. Pl.'s Opp'n at 14 (citing Settlement Agreement [doc. no. 99] in *Julie Abbate, et al. v. Chief Charles Ramsey, et al.*, Case No. 03-0767 (EGS); Joint Praecipe Regarding Accepted Offer of Judgment [doc. no. 306] in *Jeffrey Barham, et al., v. Charles Ramsey, et al.*, Case No. 02-2283 (EGS); Notice of Acceptance of Offer of Judgment by Enright [doc. no. 144], Notice of Acceptance of Offer of Judgment by Chastain and Young [doc. no. 190] in *Rayming Chang, et al. v. United States of America*, *et al.*, Case No. 02-2010 (EGS)).  While the settlement of related cases is certainly not dispositive of a damage calculation in this case, it does undermine defendants' contention that an individualized assessment of damages is the only means of resolution to plaintiffs' claims.

Defendants also rely on *Disability Rights Council v. WMATA*, 2006 U.S. Dist. LEXIS 63424.  There, the Court allowed limited

discovery against the absent class members who had submitted
written complaints against WMATA's "MetroAccess" service for
disabled riders.  The Court found that "because these statements
will be relied upon and because these customers may be witnesses,
WMATA has the right to discovery beyond what the absent class
members have said to establish the factual incorrectness of what
was said or to see if their experiences were frequent or
aberrational." *Id.* at 5.  The circumstances in the instant case
are distinguishable.  First, the WMATA absent class members had
affirmatively come forward and submitted declarations detailing
their individual experiences of dissatisfaction, effectively
choosing to be part of the litigation.  Second, unlike in the
instant case, liability rested upon those declarations.  Here,
liability has all but been decided and the Court has already
determined that the class members' pre-arrest activities are
irrelevant to whether defendants had probable cause to arrest
them.

Finally, defendants allege that the conduct and testimony of
the 17 named class representatives is not representative of the
almost 400 members of the class.  Dist. Def.'s Mot. at 16.
Defendants argue that plaintiffs "should not be allowed to try
their case to the jury on the...anecdotal testimony of the 17
class representative plaintiffs, who have been selected by
plaintiffs' counsel."  *Id.*  The Court has already certified this

class, and in so doing found, as it was required to do under Rule 23(a), that "the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  Defendants apparently believe this class was improperly certified and argue that discovery against absent class members is somehow a remedy for this error.  The Court is confident in its prior certification ruling and rejects defendants' argument.

In addition to the above, the federal defendants contend that discovery against the absent class members is necessary to establish that the federal defendants came to Pershing Park for a legitimate law enforcement purpose and thereafter rendered lawful assistance in response to such a request by the MPD.  Fed. Def.'s Mot. at 12.  The Court rejects this argument for substantially the same reasons articulated above.  The federal defendants have failed to show the necessity of this information and that this information is unavailable from other sources.  Furthermore, it is doubtful the absent class members can provide this information at all.  Defendants' own witnesses are the proper parties to speak to the federal defendants' "law enforcement purpose" or any requests made by the MPD.

## IV. CONCLUSION

For the reasons stated above, the Court finds that the information sought in defendants' interrogatories is not necessary to defendants' case, nor is it unavailable from the representative parties.  Because these are sufficient grounds upon which to deny defendants' motion, the Court will not reach plaintiffs' allegations of bad faith and intent to delay the litigation.  Defendants' motion to propound written discovery to absent class members is therefore **DENIED.**  An appropriate order accompanies this memorandum.


**Signed:     Emmet G. Sullivan**
**            United States District Judge**
**            November 8, 2007**