**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
RAYMING CHANG, *et al.*,         )
                                )
         Plaintiffs,            )
                                )
    v.                          )    Civ. Action No. 02-2010 (EGS)
                                )
UNITED STATES, *et al.*,         )
                                )
         Defendants.            )
_____)
                                )
JEFFREY BARHAM, *et al.*,        )
                                )
         Plaintiffs,            )
                                )
    v.                          )    Civ. Action No. 02-2283 (EGS)
                                )
CHARLES H. RAMSEY, *et al.*,     )
                                )
         Defendants.            )
_____)

<u>**MEMORANDUM OPINION**</u>

This case arises from arrests in Pershing Park on September 27, 2002 during demonstrations in connection with World Bank and International Monetary Fund meetings in Washington, D.C. Plaintiffs represent a class of individuals who were arrested during the morning of the demonstrations. Plaintiffs claim violations of their First, Fourth, and Fourteenth Amendment rights, as well as false arrest, imprisonment, and conversion. Pending before the Court is defendant District of Columbia's Motion for a Protective Order pertaining to a Rule 30(b)(6) deposition noticed by the plaintiffs. Upon consideration of the

motion, the response and replies thereto, the applicable law, and the entire record, the Court **GRANTS** the motion.

**I.    BACKGROUND**

The D.C. Circuit's January 13, 2006 opinion details the events at Pershing Park on the morning of September 27, 2002, the aftermath of such events, and the involvement of the District of Columbia Metropolitan Police Department ("MPD"). *See Barham v. Ramsey*, 434 F.3d 565 (D.C. Cir. 2006).  Discovery has been ongoing in this case for several years and the case is now nearing a posture for trial.

On October 30, 2007, plaintiffs filed a Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) stating their intent to depose individuals designated to testify on behalf of the District of Columbia Office of the Attorney General ("OAG").  The District of Columbia now moves the Court for a protective order pursuant to Federal Rule of Civil Procedure 26(c) to limit the scope of the noticed deposition.  Plaintiffs' notice seeks to inquire about three topics relating to the arrests.  Defendant's motion concerns only topics one and three. Specifically, topic number one inquires about the "decision...to prosecute or not prosecute those persons arrested at Pershing Park on September 27, 2002 and the reasons therefore." Topic number three seeks information regarding the "creation of Notices

of Infraction for persons arrested on September 27, 2002." Pl.s'
Joint Notice of Deposition, at 2-3.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(b)(1) provides that "a
party may obtain discovery regarding any matter, not privileged,
that is relevant to the claim or defense of any party....
Relevant information need not be admissible at the trial if the
discovery appears reasonably calculated to lead to the discovery
of admissible evidence." Fed. R. Civ. P. 26(b)(1).  The Rule goes
on to state that a party may seek a protective order from the
Court, upon a showing of good cause, to protect the party "from
annoyance, embarrassment, oppression, or undue burden or expense"
by ordering, *inter alia*, "that certain matters not be inquired
into, or that the scope of the disclosure or discovery be limited
to certain matters...." Fed. R. Civ. P. 26(c).  It is pursuant to
this provision that defendant seeks a protective order, limiting
the scope of plaintiffs' noticed deposition to prohibit any
inquiry under topic number one (the decision not to prosecute
class members) and allowing only limited inquiry under topic
number three (the creation of Notices of Infraction)[1].

---

[1] The Court relies on defendant's representation in its
reply to the *Barham* plaintiffs' opposition that some inquiry will
be allowed regarding the creation of the Notices of Infraction so
long as the questions do not implicate the OAG's decision not to
prosecute plaintiffs.  *See* Def.'s reply at 4. ("Conversely, to
the extent that inquiry in this area may not be related to
decisions whether or not to initiate prosecutions, the District

### III. ANALYSIS

In support of its motion for a protective order, defendant contends that topics number one and three of the Notice of Deposition improperly inquire into areas protected by prosecutorial immunity. Defendant argues that because a prosecutor's decision to initiate prosecution is subject to absolute immunity, they are equally shielded from discovery into the basis for that decision. The Court agrees.

In initiating a prosecution and in presenting the State's case, prosecutors are absolutely immune from civil suits for damages. *Imbler v. Patchman*, 424 U.S. 409, 431 (1976). To hold otherwise would "prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." *Id.* at 427-28. "The purpose of conferring absolute immunity is to protect officials not only from ultimate liability but also from all the time-consuming, distracting, and unpleasant aspects of a lawsuit, including discovery." *District of Columbia v. Jones*, 919 A.2d 604, 611 (D.C. 2007).

Plaintiffs contend they are neither alleging prosecutorial misconduct nor seeking recovery from the District based on the prosecutors' decisions, and therefore immunity is not implicated. The Court rejects this overly narrow view of the absolute

---

will produce witnesses on Topic Number 3.")

immunity conferred on prosecutors performing advocacy functions.
The reason absolute immunity defeats a case at the outset, as
opposed to after trial, is in part to spare the official the
tribulation and expense of defending the suit at all.  Requiring
prosecutors to defend their prosecutorial discretion in a
litigation setting, regardless of whether they are the named
defendants, implicates the same concerns the Supreme Court
articulated in *Imbler*.  Namely, the Court feared that "harassment
by unfounded litigation would cause a deflection of the
prosecutor's energies from his public duties, and the possibility
that he would shade his decisions instead of exercising the
independence of judgment required by his public trust." *Id.* at
423.  *See also Gray v. Poole*, 243 F.3d 572, 576 (D.C. Cir. 2001).
As the parties in this case are well aware, discovery in civil
actions can be a lengthy and burdensome experience.  This Circuit
has observed that "[e]ven the need to find the time and money for
a defense would have a chilling, if not paralyzing, effect on an
official's willingness to speak out, in the exercise of his
discretion, to further the public interest." *Expeditions
Unlimited Aquatic Enter., Inc. v. Smithsonian Inst.*, 566 F.2d
289, 292 (D.C. Cir. 1977).

　　The Court finds that the principles of prosecutorial
immunity are meant to ensure that neither the specter of damages
liability nor the litigation process itself weakens the

prosecutor's ability to engage in the "vigorous decision-making" required by the office.  *See Moore v. Valder*, 65 F.3d 189, 193 (D.C. Cir. 1995). "Whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present are advocatory decisions" and thus absolutely immunized.  *Id.* at 193 (citing *Imbler*, 424 U.S. at 431 n. 33). Because topic number one of plaintiff's Notice of Deposition inquires directly into these immunized decisions, the Court finds that a protective order is warranted.  In so far as questions under topic number three make similar inquiries, they will be likewise prohibited.

### IV. CONCLUSION

The information sought in topics number one and three of plaintiffs' Notice of Deposition dated October 30, 2007 is protected by prosecutorial immunity.  Accordingly, defendant's motion for a protective order is **GRANTED**.  An appropriate order accompanies this opinion.


**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            November 21, 2007**