UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAYMING CHANG,** *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civ. Action No. 02-02010 (EGS)(AK) |
| **UNITED STATES,** *et al.*, | : |
| Defendants. | : |
| **JEFFREY BARHAM** *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civ. Action No. 02-02283 (EGS)(AK) |
| **CHARLES H. RAMSEY,** *et al.*, | : |
| Defendants. | : |

**MOTION TO WITHDRAW AND STRIKE
JOINT MOTION FOR ALLOCATION OF MEDIATION FEES**

For the reasons set forth below, Plaintiffs in the above-captioned actions hereby withdraw and move to strike from the record, without prejudice to refiling, their Joint Motion for Allocation of Mediation Fees − filed on May 22, 2008 in the *Chang* case (*Chang* Docket No. 382) and on May 23, 2008 in the *Barham* case (*Barham* Docket No. 410). Plaintiffs do so out of an abundance of caution in response to vague and non-specific allegations by the District of Columbia (the "District") that Plaintiffs' filing contains confidential information in violation of mediation rules. However, Plaintiffs do not believe that there have been any such violations and reserve the right to refile after the District clarifies its unspecified objections.

1

The Plaintiffs have requested that the District of Columbia identify what elements or representations it asserts to be in alleged violation of the mediation rules. The District, however, has refused to identify any specific provisions.

In support of the motion at issue, Plaintiffs contend that the District refused to negotiate in good faith and did not engage in mediation. For that reason, and also on three additionally identified and independent grounds, the Plaintiffs have moved that the costs of mediation be allocated to the District of Columbia.

The three additional and independent bases urged by Plaintiffs in their Joint Motion for Allocation of Mediation Fees, are as follows: (1) the Court's inherent authority, as relied upon in its January 30th Order, to allocate costs of the mediation; (2) the District's insistence on engaging a paid mediator at inevitably high cost to the parties; and (3) the fact that the established underlying cause of this litigation, and necessarily also the mediation, is the mass false arrests without probable cause perpetrated by the District of Columbia. The Plaintiffs had previously warned the Court about their concern that the District would not negotiate in good faith and would use the paid mediation as merely a tactic for driving up the costs for the Plaintiffs. This is precisely what transpired.

On the evening of May 27, 2008, counsel for the District transmitted to the *Chang* and *Barham* Plaintiffs a letter alleging that they had violated mediation confidentiality rules by filing their motion five days prior. The District, however, did not offer a single example of a breach of confidentiality in its letter. Yet, while omitting specific examples, the District demanded that the Plaintiffs immediately withdraw and move to strike their motion. Plaintiffs do not believe that the filing contains such violations of mediation confidentiality rules.

Parties are allowed to raise mediation-related issues without disclosing statements by the opposing party or using the information to argue the merits of the case or for evidentiary purposes such as impeachment. In their motion, Plaintiffs reference only process and then only to the degree necessary in support of the motion. Plaintiffs do not at any time articulate, or base their request for relief in any way, on the substantive demands or positions presented by the parties in the mediation.

This is in contrast to the District's recently having placed on the public record material containing information disclosed by the *Barham* Plaintiffs in mediation. In a December 7, 2007 filing, for example, the District disclosed information regarding statements and conduct of counsel during mediation, including the nature of confidential materials communicated during mediation and very specific details about the amount of a counteroffer. *See* Defendant District of Columbia's Reply in Support of its Motion to Compel Production from Plaintiffs at 9, 12 (*Barham* Docket No. 382). Plaintiffs can not even discern what standards the District asserts have been violated, given that the District's interpretation of such standards appears to allow such monetary references to be made – and Plaintiffs in this case make no such representations. The District has also refused to respond to Plaintiffs' inquiries in this regard.

Until the District supplies the specific information that it claims to be confidential, the Plaintiffs cannot evaluate the District's claim. Nevertheless, Plaintiffs have an obligation to act prophylacticly and responsibly in the face of such an allegation. Accordingly, they hereby withdraw and move to strike the Joint Motion for Allocation of Mediation Costs without prejudice to refiling the same motion after the District supplies the basis for its objections, should it ever in fact do so. Plaintiffs will consider any such objections, if provided by the District, with

prompt diligence. If the District continues to refuse to make such specific representations, Plaintiffs will refile the motion unchanged.

The rules certainly do not bar a party from seeking an equitable assignment of costs – particularly when the Plaintiffs foresaw such conduct and expressly challenged the District on these points. The District insisted – over the objections of the Plaintiffs in both cases – on the use of a paid mediator as opposed to the free mediation process. Despite repeated requests, the District never explained why it insisted on spending money for mediators when a nationally respected mediation process was offered for free by the court. After the District refused to engage in good-faith mediation, the Plaintiffs asked it to consent to assuming the cost of the mediation. The Court left open the question of allocating the costs of mediation, and the District opposed the assignment of costs to the District – prompting the need for the motion.

Plaintiffs respectfully request that the Court refrain from entering an order allocating the costs of mediation until Plaintiffs have had an opportunity to be heard. If the Court is considering assigning the costs to all of the parties, Plaintiffs believe that the Court should consider the refusal of the District to engage in the process of mediation and specifically its strategy of inviting mediation, insisting on engaging a paid mediator, and then refusing to negotiate in good faith – part of a consistent effort by the District to delay and increase costs on public interest plaintiffs represented by *pro bono* counsel.

Respectfully submitted,

/s/ Carl Messineo
Carl Messineo, [450033]
Mara Verheyden-Hilliard [450031]
PARTNERSHIP FOR CIVIL JUSTICE
617 Florida Avenue NW
Washington, DC 20001
(202) 232-1180
(202) 350-9557 (fax)

Counsel for the *Barham* Plaintiffs

/s/ Jonathan Turley
Jonathan Turley (D.C. Bar No. 417674)
2000 H Street, N.W.
Washington, D.C. 20052
(202) 994-7001

/s/ Daniel C. Schwartz
Daniel C. Schwartz (D.C. Bar No. 17749)
Jacob A. Kramer (D.C. Bar No. 494050)
BRYAN CAVE LLP
700 Thirteenth Street, N.W., Suite 700
Washington, D.C. 20005
(202) 508-6000

Counsel for the *Chang* Plaintiffs

Dated:  May 28, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMING CHANG, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civ. Action No. 02-02010 (EGS)(AK) |
| : | |
| UNITED STATES, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |
| JEFFREY BARHAM *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | Civ. Action No. 02-02283 (EGS)(AK) |
| v. : | |
| : | |
| CHARLES H. RAMSEY, *et al.*, : | |
| : | |
| Defendants. : | |

[PROPOSED] ORDER

Upon consideration of Plaintiffs' Motion to Withdraw and Strike Joint Motion for Allocation of Mediation Fees, and all oppositions and replies thereto, it is hereby ORDERED that the Motion is GRANTED.  Plaintiffs' Joint Motion for Allocation of Mediation Fees is hereby withdrawn and stricken from the record, without prejudice to refiling.

_____
Dated: _____, 2008        The Honorable Emmett G. Sullivan
United States District Judge

Copies to:  All counsel of record