# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMING CHANG, *et al.*, | : |
| Plaintiffs, | : |
| v. | : C.A. No. 02-02010 (EGS) |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Defendants. | : |
| JEFFREY BARHAM, *et al.*, | : |
| Plaintiffs, | : |
| v. | : C.A. No. 02-02283 (EGS) |
| CHARLES H. RAMSEY, *et al.*, | : |
| Defendants. | : |

### DEFENDANTS' RESPONSE TO *BARHAM* AND *CHANG* NOTICE OF AFFIDAVIT AND WITHDRAWAL OF NOTICE OF DEPOSITION FOR DETECTIVE PAUL HUSTLER

Defendants District of Columbia, Michael J. Fitzgerald, Brian K. Jordan, Bryan DiGirolamo, Andre Harrison, and Michael Smith, and Chief of Police Cathy Lanier and Assistant Chief of Police Peter J. Newsham, in their official capacities, (hereafter "the District"), by and through undersigned counsel, respectfully submit this Response to *Barham* and *Chang* Plaintiffs' Notice of Affidavit and Withdrawal of Notice of Deposition for Detective Paul Hustler. In the midst of constant accusations from Plaintiffs that the District is involved in obstructive, dilatory, unnecessary tactics aimed at preventing the full truth from coming out through the court-ordered renewed discovery period, it is now clear that the real gamesmanship

is at the hands of counsel for Plaintiffs.

In responding to Plaintiffs' Notice of Affidavit and Withdrawal of Notice of Deposition, it is important to note first, that the District actually tried to facilitate the deposition and not impede it.[1]  It was continued *by agreement* because Detective Hustler ultimately decided that he wanted his attorney to be present for his deposition.  Second, Plaintiffs have now withdrawn the deposition notice for Detective Hustler and would substitute in its stead an affidavit signed the day before the November 17th, 2009 status.  This decision appears to have been made solely to deprive the defendants (and the public) of the right to hear Detective Hustler's representations under oath in a proceeding in which the contentions could be challenged by defendants.  Instead, the public manner in which plaintiffs filed the affidavit in the public record, with the invitation to the public to review the filing, shows that this entire issue was contrived--not for the purpose of searching for the truth, but for the purpose of launching a media frenzy to which defendants would not be able to respond.[2]

Here is the Timeline:

- On Thursday, November 12, 2009, after repeated attempts to reach Detective Hustler, the Detective stated that he would only come into the DC Attorney General's office to prepare for the deposition if he had his lawyer present.  After consulting with his personal attorney, James Pressler, Esq., by phone, Detective Hustler decided to speak with attorneys for the District.  By the end of the brief conversation between Detective Hustler and attorneys for the District, Detective

---

[1] The District's decision to file a protective order for the deposition was made only after undersigned counsel confirmed through conversation with opposing counsel that the deposition was not attributable to new information provided by the District and, thus, appeared to be outside the Court's prior orders restricting new discovery to the recent discovery failures of the District.

[2] News articles published within hours of the filing of the notice included full stories regarding the affidavit issue.

Hustler agreed to be present at his deposition, scheduled for the following day.

- On Friday, November 13, 2009, undersigned counsel for the District appeared at Detective Hustler's scheduled deposition. Detective Hustler was already present. Prior to the deposition commencing, Detective Hustler decided that he was unwilling to go forward with the deposition without his personal lawyer being present. Counsel for *Barham* Plaintiffs and *Chang* Plaintiffs were given contact information for Detective Hustler's lawyer, James Pressler, and brief comments were made on the record.

- On the same day, after the deposition was postponed, the District filed its Motion for Protective Order for the Deposition, which asserted that Plaintiffs should not be permitted to depose Detective Hustler during the renewed discovery period, as it was outside of the scope of discovery as set by the court in the previous Minute Orders of September 29, 2009 and November 4, 2009. In its motion, the District made clear that it did not take issue with the testimony, but rather contended that this was a new fact witness whose testimony did not come about as a result of documents turned over by the District. To date, Plaintiffs have not refuted this contention. The District's filing, which was filed in good faith based upon review of the Court's comments at the past two status hearings and the Court's Minute Orders, opposed the District's being sanctioned through paying for discovery that was not attributable to the District's failings.

- On Monday, November 16, 2009, **pursuant to negotiations between *Barham* Plaintiffs' counsel and Attorney James Pressler**, Detective Paul Hustler authored a sworn affidavit regarding his recollection of the events of September

> 2002, which was provided to *Barham* Plaintiffs' counsel **in exchange** for their agreement to withdraw his notice of deposition.

- On Tuesday, November 17, 2009, the parties appeared for a status in the *Barham* and *Chang* cases before this Honorable Court. After a rather optimistic colloquy between the Court and counsel for the District and counsel for *Barham* Plaintiffs regarding the positive developments in the settlement talks between the parties, counsel for *Chang* Plaintiffs, Mr. Turley, made representations to the court with respect to what he described as difficulties with the manner in which the District was continually filing motions and continuing efforts to thwart discovery. He highlighted the District's alleged efforts to block the deposition of Detective Paul Hustler's deposition, and ultimately his representations led to the Court ordering Detective Hustler's deposition be held in the courthouse with a marshal and Judge Facciola present. At no time did counsel for the *Barham* Plaintiffs stand to correct the record and inform the court that there may be no need for a court-ordered deposition as they already had received the information they sought from the putative deponent by way of an affidavit and were on the verge of withdrawing their notice.

I.   <u>*Barham* and *Chang* Plaintiffs Failed to Make Full Disclosure With the Court Regarding Detective Hustler's Deposition</u>.

The comments made by Mr. Turley on behalf of the *Chang* Plaintiffs, purposely highlighted for the Court's attention, and the attention of all those present in the courtroom, the District's alleged efforts to prevent the deposition of Detective Hustler, and to prevent Plaintiffs' access to a witness who had information that was critical and material to Plaintiffs' case. Mr.

Turley's comments were successful in their intended purpose, inviting the wrath of the Court upon the District defendants. The Court, viewing the District's actions (as portrayed by Mr. Turley) as tactics and game-playing, ordered the deposition of Paul Hustler to be held in the courthouse, with a U.S. Marshal and Judge Facciola present. The Court further ordered that Plaintiffs would be allowed to conduct discovery for the remainder of the discovery period as to any matter permissible under the Federal Rules of Evidence, whether the discovery related to documents belatedly produced by the District or not--a complete reversal of the Court's prior rulings on this very issue.

The next morning, Wednesday, November 18, 2009, not more than 24 hours after Plaintiffs had been granted the court-ordered assistance they represented they so desperately needed the day before, Plaintiffs withdrew their notice of deposition of Detective Hustler in a filing captioned "Notice of Affidavit Filed by MPD Detective Paul Hustler". *See Barham* Notice at 2, n.2. This filing, which included an 8 page-characterization of the affidavit, and attached several exhibits including a media CD with prior testimony of Chief Ramsey, was purportedly necessary as it related to issues raised by the Court. *See Barham* Notice at 1. The filing of the media exhibit even included language informing of the U.S. District Court Clerk's hours in which the CD could be viewed by the public. Almost immediately following the filings, the affidavit itself, the testimony of Chief Ramsey, and the Plaintiffs' one-sided version of the facts, were picked up by local and national media outlets, including *The Washington Post*, the *AP Wire*, and *WTOP*.[3]

"[C]ourts 'must trust and rely on lawyers' abilities to discharge their ethical obligations, including their duty of candor to the court'; otherwise, the adversary process, the judicial system

---

[3] Several articles included an interview quote from Mr. Turley, who represented to the Court during the status conference that the only reason these cases end up in the news is because of the filings.

and the legal profession itself are in grave jeopardy." *Minebea Co., Ltd. v. Papst,* 374 F. Supp. 2d 231, 237 (D.D.C. 2005) (quoting *United States v. Rhynes,* 218 F.3d 310, 320 (4th Cir. 2000)). *See also* D.C. Rule of Prof. Conduct 3.3 ("Candor Toward the Tribunal").  For *Barham* and *Chang* Plaintiffs to represent to the Court that their attempts to access and depose Detective Hustler were being stymied by the District when nothing could have been further from the truth was misleading.  In fact, it now appears that *Barham* Plaintiffs' counsel had far more control over Detective Hustler's availability than the District ever did.  For the Court to order the deposition of Detective Hustler and for no attorney on behalf of the *Barham* Plaintiffs, who were already in possession of the affidavit, or *Chang* Plaintiffs, who most certainly were aware of the ongoing negotiations, to inform the court that such an order was unnecessary as they may no longer intend to take the deposition, was a failure to be candid.  Plaintiffs state in their Notice of Affidavit filing that "following the hearing, counsel for both *Chang* and *Barham* jointly reviewed an affidavit that had been submitted by Detective Hustler that disclosed the evidence that would have been presented in the deposition." *See Barham* Notice at 2.  It is clear then that, literally **while** Mr. Turley was speaking on behalf of the Plaintiffs and the remainder of the full complement of lawyers for Plaintiffs sat as onlookers at counsels' table, Detective Hustler's Affidavit was already drafted and negotiations to withdraw the deposition had already commenced.  Even if Plaintiffs were to claim that their courtroom silence was justified as the agreement between Plaintiffs and Detective Hustler had not yet been finalized,[4] this does not explain the willingness of counsel to so quickly discard the sought-after ruling and assistance of the Court.  By the time Plaintiffs jointly reviewed the affidavit, the Court had already ordered the deposition and there was no reason for it not to proceed.  *Barham* Plaintiffs state that Detective

---

[4] Such and assertion would be difficult to credit since the Affidavit was signed on November 16, 2009, ***a day before*** the status conference.

Hustler had "already been subject to the burden of appearing for the November 13, 2009 scheduled date of deposition" and sought to "avoid further burden". *See Barham* Plaintiffs' Response to Defendants' Motion for a Protective Order for the Deposition of MPD Detective Paul Hustler at 2.  Avoiding the compounding of the burden, if any, from Detective Hustler's brief local appearance at a law firm that is 10 minutes of travel time away from MPD Headquarters certainly cannot be credited as the motive behind Plaintiffs' filing of the Notice of Affidavit.   In any event, under the circumstances, Plaintiffs cannot in good conscience claim that it was the efforts of the District to block the deposition that led to the filing of the Notice of Affidavit.  The Affidavit, made wholly unnecessary by the Court's affirmative ruling enabling Plaintiffs to go forward with the deposition, did not **need** to be filed at all.  Apparently, Plaintiffs decided that the Affidavit was preferred to a deposition in which all counsel would be present.

> II.   Plaintiffs should not be permitted to substitute Detective Hustler's Affidavit for the Court-Ordered Deposition.

The Affidavit submitted by Detective Hustler and attached to Plaintiffs' notice as Exhibit 1, though well-crafted, is facially unreliable as it lacks in critical details necessary to cast any light, positive or negative, on past testimony by other witnesses.  For example, the second paragraph, which gives a chronology of sorts with respect to Detective Hustler's actions, does not even state the **date** in September 2002 that Detective Hustler recalls being dispatched to Pershing Park. *See* Hustler Affidavit at 1.  The dateless chronology also fails to include the **time of day** that any of the actions described or statements overheard took place.  Therefore, it is impossible, based on the Affidavit alone, to determine whether the statements Detective Hustler claims to have heard can be reconciled into the chronology of events to which several dozen sworn witnesses have already testified.  These are the types of questions which would be a part

of any thorough direct or cross examination, and the answers to which are noticeably absent from the Affidavit.

Additionally, supplanting Detective Hustler's appearance at a deposition with an affidavit prevents opposing counsel from delving into other obvious areas of questioning, such as bias or motivation. For example, it would certainly be viewed as important to overall consideration of the Detective's testimony with respect to Chief Ramsey to explore the fact that Detective Hustler was one of several officers who sued Chief Ramsey for race discrimination. In *James E. Ginger, et al. v. District of Columbia, et al.,* C.A. No. 03-2512 (EGS)*,* which was dismissed on Summary Judgment and affirmed on appeal at 527 F.3d 1340 (D.C. Cir. 2008), then Plaintiff Hustler was deposed and claimed that a third party told him of derogatory statements made by Chief Ramsey, which were later refuted by subsequent testimony. In that deposition, he also shared his view of the current MPD Chief of Police Lanier as the person who "spearheaded the investigation to have me terminated, to wreck my career as a police officer, to disrupt my entire family life, to take my livelihood, my house, my cars, my life, very serious, and I think she retaliates against me to this day." (Hustler Tr. of *Ginger v. District of Columbia*, C.A. No. 03-2512, at 74).

To the extent that Plaintiffs believe that Detective Hustler's information is of crucial importance, the District believes that it is important enough to be heard fully, not just in the self-serving manner presented in the Hustler Affidavit. To the extent that the Plaintiffs believe that the public arena is an appropriate forum for the case to be tried, the District disagrees. However, if *some* of the facts regarding this critical witnesses' version of events are going to be made public, then it is in the public interest for *all* of the relevant facts regarding this witness to be known. After all that was said to the Court about the Hustler deposition and its importance, the public interest is best served by the parties complying with the Court's order and the deposition

of Detective Hustler proceeding as the Court directed. Indeed, the Court's decision to allow only the Plaintiffs additional discovery even on the issue of sanctions denies the District Defendants' due process rights as Plaintiffs have virtually no check on their ability to raise new allegations against Defendants which Defendants cannot then challenge in limited discovery. Surely this Court never envisioned that its ruling would so purposefully be manipulated by Plaintiffs' counsel to avoid disclosure of all relevant facts. In fact, such an outcome is antithetical to this Court's view as expressed at the November 17, 2009, status conference when it stated it had an interest in knowing what happened here.

>Respectfully submitted,
>
>PETER J. NICKLES
>Attorney General for the District of Columbia
>
>/s/_____
>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>/s/_____
>ELLEN A. EFROS
>Chief, Equity 1 Section
>
>/s/Monique A. Pressley_____
>MONIQUE A. PRESSLEY [464432]
>Senior Assistant Attorney General
>Equity Section I
>441 4th Street, NW, 6th Floor South
>Washington, DC 20001
>(202) 724-6610
>Fax: (202) 741-0424
>monique.pressley@dc.gov
>
>/s/  Shana L. Frost_____
>SHANA L. FROST [458021]
>Assistant Attorney General
>
>/s/ Chad Copeland_____

CHAD COPELAND [982119]
Assistant Attorney General
Equity Section I

*Attorneys for Defendants District of Columbia, Michael Fitzgerald, Brian Jordan, Bryan DiGirolamo, Andre Harrison, and Michael Smith and official capacity defendants Chief of Police Cathy Lanier and Assistant Chief of Police Peter J. Newsham*