Genevieve Rosloff
grosloff@gmail.com
▇▇▇▇▇▇▇

11203 Rokeby Avenue
Garrett Park, MD 20896

July 15, 2010

Clerk's Office
United States District Court
for the District of Columbia
333 Constitution Ave. N.W
Washington, D.C. 20001

RE:   *Barham, et al., v. Ramsey, et al.*, Case No. 02- CV-02283 (EGS) (JMF)

To the Court and Counsel:

    I am writing to state two objections to the class settlement: (1) it does not specify that the settlement award is, in part, for physical injuries, and (2) it does not take into account the different amounts of time that individuals were in custody.

    I was arrested in Pershing Park on September 27, 2002. At the time, I was an undergraduate at the University of Maryland, College Park. I had gone to Pershing Park that morning to meet some of my classmates at what I believed was going to be a permitted rally. However, shortly after arriving at the Park, I was arrested. I was never given orders to disperse or leave the park; in fact, I asked the police officers who were surrounding the park numerous times if I could leave, but was not permitted to do so.

    In total, I was detained for over 30 hours. I was initially detained in Pershing Park for a couple of hours, after which I was arrested and placed on a school bus. I was then driven to what I understand was a police training facility in Southwest Washington, DC. At this facility, I was held on the bus for a number of hours with my hands cuffed behind my back. At some point late in the night (or perhaps very early in the morning), I was processed and brought to a gymnasium along with the rest of the arrestees. In the gymnasium, I was told to sit on a mat and my wrist was handcuffed to my ankle. Although others were released that night, I was not released until the afternoon of the following day.

1. <u>The Settlement Agreement Should Clarify that Class Members are Being Compensated, in Part, for Physical Injuries</u>

    My first and primary concern with the settlement is that it does not acknowledge that the settlement payment to class members is attributable, in part, to physical injuries sustained by

class members. Because awards that stem from physical injuries have certain tax benefits, recognizing this fact is essential to class members' interests.

Class counsel clearly recognizes that class members were subject to physical force and sustained physical injuries arising out of the wrongful arrest and detention. *See* Third Amended Complaint ("TAC") ¶ 173 ("As a direct and proximate result of the acts or omissions of the defendants identified in this complaint and the other unidentified agents and agencies acting jointly, each of the plaintiffs has suffered monetary and non-monetary harm including . . . *physical harm*, emotional pain and suffering.") (emphasis added). *See also* TAC ¶¶ 132, 135, 138, 148 (describing physical injuries). Media accounts of the mass arrest describe these physical injuries. *See, e.g.*, Jason Cherkis, *Boss Hogtie*, Washington City Paper (January 17, 2003) (Dkt. No. 143-6) (quoting protestors' recount of physical injuries sustained as a result of being "hogtied" overnight and reporting that an officer hit a protestor with a baton). Accordingly, the settlement should accurately reflect the claims pursued in this litigation and explicitly state that part of the settlement award is for physical injuries that class members incurred.

    2. <u>The Settlement Should Take Into Account the Amount of Time Class Members Were Detained For</u>

My second objection to the settlement stems from the fact that the award does not take into account the differing amounts of time for which individuals were held.

The record shows that plaintiffs were held for substantially different amounts of time, ranging from 14 hours to over 30 hours. *See, e.g.*, TAC ¶ 158 ("Plaintiffs were confined by defendants into the middle of the night or until the following day, for approximate periods of time ranging from no less than 14 hours to over 30 hours."); Plaintiff Sally Norton's Objections and Responses to Defendant District of Columbia's First Set of Interrogatories, page 11 (Submitted as Exh. "E" in Opposition to Federal Defendants' Renewed Motion to Dismiss, available at Dkt. No. 271-25) (stating that she was cuffed wrist-to-ankle for 8 hours, until she was finally processed at 12:05 a.m.). While some arrestees were released around midnight (or possibly earlier), many of us were held in the training facility well into the morning and afternoon, handcuffed wrist-to-ankle the entire time.

This Court, in granting Plaintiffs' motion to certify, concluded that differences in the conditions or duration of confinement of putative class members would not defeat the commonality and typicality requirements of Rule 23. *See* September 24, 2003 Order Certifying Class. The Court did, however, state that these differences "would have an impact . . . on the amount of damages awarded." As this Court explained:

> [A]s the court in *Dellums* [*v. Powell*, 566 F.2d 167 (D.C. Cir. 1977)] demonstrated, there exist efficient ways in which, assuming the arrests and detentions are found to be unlawful, disparities in conditions and length of detention among class members can be addressed at the damages stage without destroying the cohesiveness required for maintaining a class action.

Thus, I respectfully request that the Court require the parties to modify the settlement to account for differences in each claimant's duration of detention. At the very least, I request that the Court direct the parties to look into whether doing so in an efficient manner is possible and prudent,[1] such that the benefit to the class would outweigh any further delay and expense.

Thank you for your attention to these matters.

Respectfully yours,

*Genevieve Rosloff*
Genevieve Rosloff


CC:  Class Counsel                     Defense Counsel
     Carl Messineo                     Monique Pressley
     Barham Class Counsel              Assistant Attorney General
     Partnership for Civil Justice     Office of the Attorney General for
     617 Florida Ave. N.W.             the District of Columbia
     Washington, D.C. 20001            441 4th Street, N.W. 6th Floor South
                                       Washington, D.C. 20001

---

[1] To the extent that there are no remaining records of when individuals were released, one simple (albeit less exacting) way to approximate detention length this would be to divide the class into two sub-classes. It is my understanding that individuals who were released prior to a certain hour were cited $100, whereas those who were not released until the following day were cited $50. This could serve as a useful proxy for estimating the length of a class member's detention. (However, I have spoken with out-of-town arrestees who say they were not assessed any fine.)



Carl Messino
Barham Class Counsel
Partnership for Civil Justice
617 Florida Ave. NW
Washington, DC 20001

7009 2820 0004 4438 7057

CERTIFIED MAIL

Rosloff
2276 3rd st. #12
Santa Monica CA
90405