UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY BARHAM et al., | ) ) ) ) |
| Plaintiffs, | ) Case No.: 02-CV-2283 (EGS)(JMF) ) |
| v. | ) ) |
| CHARLES RAMSEY, et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER**

Upon consideration of the Joint Motion for Final Approval of Proposed Class Settlement and Payment Distribution, and for the reasons stated in open court at the Fairness Hearing held on September 17, 2010 and September 22, 2010, it is this 22nd day of September, 2010, hereby

ORDERED that the motion is granted.

The Court finds that the Settlement Agreement is fair, reasonable and adequate, Fed. R. Civ. P. 23(e)(2).

It is FURTHER ORDERED as follows:

1. Within 45 days of the Final District Court Approval, or by September 30, 2010, whichever comes first, the District of Columbia shall deposit into an escrow account to be administered by the Class Administrator the following amounts:

    $850,000 (constituting 100% of the Class Representatives Funds)
    $2,872,800 (constituting 60% of the maximum Claimant Funds)
    $1,477,999 (constituting 60% of the Attorneys Fees and Costs Funds)

2. By September 1, 2011, the District of Columbia shall deposit into an escrow account to be administered by the Class Administrator the remainder of the Claimant Funds, specifically, $1,915,200.

  3. By September 1, 2011, the District of Columbia shall deposit into an escrow account to be administered by the Class Administrator the following additional amount:

    $985,334 (constituting the remaining 40% of the Attorneys Fees and Costs).

In accordance with the Settlement Agreement, Plaintiffs and the Class Administrator shall petition the Court for an order authorizing the actual release, or disbursement, of funds from the escrow account to recipients.

It is hereby FURTHER ORDERED that, should this order granting final approval of the settlement be overturned, set aside or reversed on appeal or upon review, if any by the United States Supreme Court, then the Administrator shall be required and ordered to return all deposits or payments (with any accumulated interest) less the previously-made $150,000 Notification and Administration Funds payment.

It is further ORDERED that any residual funds remaining in <u>Barham</u> related escrow accounts after the satisfaction of all disbursements, payments and obligations pursuant to the Settlement Agreement, shall be returned and revert to the possession of the District of Columbia.

It is hereby acknowledged by the Court, as reflected in Section VII of the Settlement Agreement, that in entering into this settlement, there is no admission of liability by the District of Columbia nor do plaintiffs suggest or concede a lack of merit to their claims.

Expungement relief has been previously ordered by Court Order dated January 28, 2008 (Dkt. No. 405). In accordance with that Order, "The District of Columbia shall provide for the expungement of the Barham Plaintiffs' arrest records and for those of all absent class members … [and] shall use its best efforts to procure expungement of the September 27, 2002 arrest records of any Pershing Park case Plaintiff or absent class member in the possession of the

United States Government (including, but not limited to, the Federal Bureau of Investigation, [or] any state or local government."

This Court has previously, by the January 28, 2008 Order, declared the arrests of the Plaintiffs and Class Members null and void and has authorized each to "deny the occurrence of his or her arrest that day, without being subject to any penalty of perjury, fraud or other offense premised upon misrepresentation or deception in response to any inquiry, whether posed orally or in writing. These rights accrue to the full benefit of any absent class member regardless of whether an individualized entry of a nullification order is entered."

In accordance also with the January 28, 2008 Order, for each class member, Class Counsel will file with the Clerk of the Court, under seal, a paper copy of a draft order of nullification, and the Court will issue an order that states as follows:

**ORDER**

The arrest of [insert name, date of birth, and social security number] on September 27, 2002, in the District of Columbia is hereby declared null and void.

[Mr. or Ms. insert last name] is authorized to deny the occurrence of his or her arrest that day, without being subject to any penalty of perjury, fraud, or other offense premised upon misrepresentation or deception in response to any query, whether posed orally or in writing.

So Ordered on this ____ day of _____ [date to be inserted]

[signed]
EMMET G. SULLIVAN
United States District Judge

It is hereby FURTHER ORDERED that the following changes to policies and practices be undertaken, as specified in the Settlement Agreement Section III(B) ("Changes to Policies and Practices"):

1. **Document Management System and Protocol; Evidence Indexing and Logging Requirements.**

Commencing not later than 120 days following the Court's final approval of settlement of this matter upon these terms and the exhaustion of any appeals (including any petition for writ of certiorari to the U.S. Supreme Court), the District of Columbia will develop, maintain and/or implement a document management protocol or system to ensure the preservation of records and documents arising from mass demonstrations and protests, and to be used also in other litigation brought against the District of Columbia as may be deemed appropriate by the Attorney General, encompassing the Office of the Attorney General and the MPD Office of General Counsel that provides for the following:

   i. Maintain an index and log of any documents, items, things, recorded or electronic/computer/digitized material (hereinafter "record(s)") that are directly related to a complaint or litigation hold letter for matters arising from mass demonstrations and protests or other cases as may be deemed appropriate by the Attorney General;

   ii. The index will assign a unique identifier to each record and, if possible, will be numbered or identified in a continuous or contiguous manner. One of the intents of the parties is to provide an internal "audit trail" that would alert the District to any missing records or evidence.

   iii. The indexing for matters arising from mass demonstrations and protests (or other cases as may be deemed appropriate by the Attorney General) is intended as an internal control over document management; use of the indexing system described in this section is mandatory for all records received or reviewed in connection with a case for matters arising from mass demonstrations and protests (or other

        cases as may be deemed appropriate by the Attorney General); in the event that, due to the physicality or medium of an item, a copy of the item cannot be maintained or stored within a computer-based document management system, the requirements of above-referenced sub-paragraph (ii) still requires such items to be indexed and logged in an effective manner, i.e. in a central hard copy log or a dedicated spreadsheet; and the fact that a record is indexed is not intended to establish that the record is discoverable, relevant or admissible;

  iv.    Communications that are protected by attorney-client privilege or protected as work product are not required or intended to be subject to this particular indexing, unless so desired by the District of Columbia in its own discretion;

  v.    Records shall be indexed in the indexing system described and required by this section as soon as possible upon collection or review.

**2.    "Litigation Hold" Procedures and Practices to Prevent Loss or Destruction of Evidence.**

        Commencing not later than 120 days following the Court's final approval of Settlement of this matter upon these terms, the OAG shall issue policy statements mandating that upon written notice of likely litigation and/or request to preserve documents and records pertaining to alleged police misconduct involving or relating to mass demonstrations or protests, the OAG shall affirmatively direct in writing and ensure that all documents, records, items, videos or computer files relating to the underlying incident be preserved and affirmatively protected from destruction for a period of no less than three (3) years. "Notice of likely litigation and/or request to preserve documents and records" is any notification in writing to the Chief of Police, or the Mayor; and/or service upon the Office of the Attorney General of a civil action complaint for matters alleging police misconduct involving or relating to mass demonstrations or protests. The contractual

definition used herein of "notice of likely litigation and/or request to preserve documents and records" is not intended to alter the meaning of those terms of art as may be used by established reported case law precedent in the District of Columbia.

   3.  **Preservation and Indexing of Command Center and Communications Systems Records and Data.**

Commencing not later than 120 days following the Court's final approval of settlement of this matter upon these terms and the exhaustion of any appeals (including any petition for writ of certiorari to the United States Supreme Court), the MPD shall issue policy statements or general orders mandating that whenever a system is activated to assist in the management of mass demonstrations and protests or other cases as may be deemed appropriate by the Attorney General, all computer files, communications recordings / radio runs and documents reasonably related to the event shall be preserved and indexed for a period of no less than three (3) years.

   4.  **Procedures and Practices to Index and Log Photographic or Video or other Recorded Evidence.**

Commencing not later than 120 days following the Court's final approval of settlement of this matter upon these terms and the exhaustion of any appeals (including any petition for writ of certiorari to the United States Supreme Court), whenever any MPD officer is assigned to (or with the capability to) engage in photographic or video recording or surveillance of mass demonstration activity or protests; documentation shall be maintained reflecting the officer's name, assignment, the equipment and recording media issued; and indexing and logging the return of all media. Upon the return of any media, the officer shall document the dates, times, locations and events recorded and affix such information to the media itself or secure to the container that contains the media. This provision is intended solely to focus on indexing and record-keeping; it does not authorize under what circumstances such surveillance or recordings

may occur. This provision is not intended to supplant or supersede orders or rules pertaining to the use of closed circuit television and cataloging requirements set forth in such applicable orders or rules.

5. **Communications with Class Counsel to Ensure Compliance.**

The District of Columbia, through the Office of Attorney General, shall engage in communications with and respond to reasonable inquiries from class counsel, as to the status and/or completion of the obligations set forth in the section, "Changes to Policies and Practices."

6. **Mandatory Reporting Obligations.**

At six month intervals during the three year period of required implementation, the District of Columbia shall issue a report regarding measures taken to perform the requirements of Settlement Agreement section (III)(B), "Changes to Policies and Practices." Class Counsel shall be provided an advance copy of the report and provided opportunity to comment. The District shall consider the comments by Class Counsel. The comments or response of Class Counsel, if any, shall be incorporated as an included attachment or exhibit and published in the final report. The reports shall be transmitted to Judge Emmet G. Sullivan, as well as made publicly available. Additionally, the District shall consult and communicate with Class Counsel during the system acquisition or procurement process.

7. **Funding for Development and Operation of Document Management System.**

The District of Columbia shall use either the class/claimant funds that revert back to the District of Columbia under the settlement, if any, or the Settlement and Judgment Fund to pay the costs of the development and operation of the document management system.

It is FURTHER ORDERED that the Court shall retain jurisdiction over this case as set forth in the following provisions:

    *i.*  *Enforcement of Right of Expungement and for Monetary Payments.*

The United States District Court retains jurisdiction to ensure compliance with the expungement and monetary payment terms for a period of three years from the Court's final approval of settlement of this matter upon these terms and the exhaustion of any appeals (including any petition for writ of certiorari to the United States Supreme Court).

    *ii.*  *Enforcement of Document Management and Retention Requirements.*

     a. The Document Management and Retention Requirements are those provisions in section (III)(B) ("Changes to Policies and Practices") of the Settlement Agreement.

     b. The District agrees to perform the requirements of the Document Management and Retention Requirements for a period of no less than three years from the Court's final approval of settlement of this matter upon these terms and the exhaustion of any appeals (including any petition for writ of certiorari to the United States Supreme Court).

     c. The Document Management and Retention Requirements may be extended for no more than two one year periods upon motion by the District of Columbia if the District of Columbia believes that such an extension is required to bring the defendants into compliance with the requirements of the settlement. The parties' intent is to fully fund, through the Settlement Agreement, the acquisition, development and training costs for the Document Management System, which would be expected to be greater in the initial years of implementation than in subsequent periods, and to establish funding

       for three years, or as may be extended, a period of time believed to be amply sufficient for the use and benefits of the system to be well established.

    d. The United States District Court shall retain jurisdiction for the purpose of enforcing the requirements of the Document Management and Retention Requirements for three years from the Court's final approval of the settlement of this matter and exhaustion of any appeals (including any Petition for Writ of Certiorari to the U.S. Supreme Court).

    e. The Plaintiffs do not have a right of enforcement more than three years from the date of Final District Court Approval and the exhaustion of any appeals (including any petition for writ of certiorari to the United States Supreme Court).

  iii. *Except as provided above, the remedy for enforcement is by way of a breach of contract claim subject to the notice and cure provision.*

So ordered.

*[signature]*

EMMET G. SULLIVAN
United States District Judge