UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEFFREY BARHAM, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 02-2283 (EGS) |
| | ) | |
| CHIEF CHARLES H. RAMSEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## SETTLEMENT AGREEMENT BETWEEN FEDERAL DEFENDANTS AND THE CLASS REPRESENTATIVES ON BEHALF OF THE PLAINTIFF CLASS

Class representatives Mary Canales, William Durham, Noah Falk, Jorge Garcia-Spitz, Mark Allan Jackson, Casey Legler, Charlcie Legler, Sally A. Norton, John Passacantando, Joseph Phelan, Nicole Prichard, Morgan Ress, Macdonald Scott, Jeri Wohlberg, Lesley Wood, Samantha Young and Stephen Zimmerman have sued Federal Defendants, the United States of America; Sally Jewell, Secretary of the U.S. Department of the Interior, in her official capacity; Loretta E. Lynch, Attorney General of the United States, in her official capacity; and former-Major Richard Murphy of the United States Park Police, in both his official and individual capacities, in this matter, Barham, et al. v. Ramsey, et al., 02-CV-02283 (EGS), asserting claims of constitutional violations pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), and violations of 42 U.S.C. § 1983. Plaintiffs seek damages, declaratory and injunctive relief and attorneys' fees and costs.

In reliance upon the representations contained herein, and in consideration of the mutual promises, covenants, and obligations in this Settlement Agreement, and for good and valuable

consideration, Plaintiffs and Federal Defendants, through their undersigned counsel, agree and stipulate as follows:

**I.    Definitions and General Provisions**

    **A.    Definitions**

1.    "Class" -- All individuals who were arrested in Pershing Park in the District of Columbia on September 27, 2002.  The class was certified by Judge Emmet G. Sullivan on September 24, 2003 (Dkt. No. 56).

2.    "Class Administrator" or "Administrator" -- The parties have jointly agreed upon the firm of Gilardi & Co., L.L.C. to serve as Class Administrator.

3.    "Class Counsel" or "Plaintiffs' Counsel" -- The counsel of record for the Plaintiffs and the Class.  They are the Partnership for Civil Justice Fund, Carl Messineo and Mara Verheyden-Hilliard.

4.    "Class Members" -- All persons within or encompassed by the definition of the Class -- including, but not limited to, the Class Representatives -- who have not previously excluded themselves or been deemed to have opted out of the class action.

5.    "Class Representatives" -- Mary Canales, William Durham, Noah Falk, Jorge Garcia-Spitz, Mark Allan Jackson, Casey Legler, Charlcie Legler, Sally A. Norton, John Passacantando, Joseph Phelan, Nicole Prichard, Morgan Ress, Macdonald Scott, Jeri Wohlberg, Lesley Wood, Samantha Young and Stephen Zimmerman.

6.    "Claimant(s)" -- Class members who actually file claims pursuant to the procedures set forth in this Agreement. "Claimants" also automatically includes Class Members who submitted a timely and eligible claim in connection with the District Settlement, without

need for submission of an additional Proof of Claim form. Class Representatives are also automatically deemed to be Claimants.

7.      "Class Action Website" -- Website published on the Internet by the Class Administrator in order to provide detailed and ancillary information to Class Members. The website shall publish the Detailed Class Notice, the Proof of Claim form, a toll-free number for contacting the Class Administrator and any other information requested by Class Counsel to be so published or which at the initiative of the Class Administrator is deemed necessary or appropriate for class notice or administration purposes. The website address shall be www.PershingParkSettlement.com.

8.      "Class Settlement Fund" -- Sum to be paid by the United States Department of the Interior on behalf of defendant Richard Murphy, totaling $2,208,000, subject to reversion, which will be funded and/or distributed as further described in this Agreement.  The Class Settlement Fund is comprised of the following two components:

a)      "Class Fund" -- That portion of the Class Settlement Fund awarded and distributed to each of the Class Members and Class Representatives.  The total amount of these funds shall be $1,640,000, subject to allocation, distribution and potential reversion as described further below.

b)      "Attorneys' Fees and Costs Fund" -- That portion of the Class Settlement Fund awarded as attorneys' fees and costs, including the costs of class notification and administration of this settlement, to Class Counsel.  The total amount of these funds shall be $568,000.

9.     "District Settlement" -- The Class's settlement in this action with the District of Columbia and related Non-Federal Defendants, over which the Court granted final approval on September 22, 2010 (Dkt. No. 640).

10.     "Equitable Relief" -- The relief specified in Section III below entitled "Class-Wide Prospective Relief."

11.     "Federal Defendants" -- The United States of America; Sally Jewell, Secretary of the U.S. Department of the Interior, in her official capacity; Loretta E. Lynch, Attorney General of the United States, in her official capacity; and former-Major Richard Murphy of the United States Park Police, in both his official and individual capacities.

12.     "Non-Federal Defendants" -- Any remaining defendants who are not Federal Defendants.

13.     "Fairness Hearing" -- The final hearing on the fairness of this Settlement Agreement, at which the Court will determine whether to grant Final District Court Approval.

14.     "Final District Court Approval" -- The Order, following submission of this Settlement Agreement to the Court, by which the District Court grants final approval of the Settlement Agreement.

15.     Notice documents

a)     "Detailed Notice"-- The document enclosed herewith as Exhibit 1, which shall be published at the Class Action Website and which will be made available in hard copy upon request to the Class Administrator.

b)     "Postcard Notice" -- The document enclosed herewith as Exhibit 2, which provides notice to the Class Members of this Settlement Agreement, including directing     attention     to     the     class     action     web     site     at

www.PershingParkSettlement.com, at which is published the Detailed Notice along with additional forms and information.

c)      "Newspaper Notice" – The text enclosed herewith as Exhibit 3, which provides summary notice to the Class Members of this Settlement Agreement and which shall be published in a newspaper as described herein.

16.     "Supplemental Notice and Claim Period" -- A thirty (30) day period to be established in connection with the issuance of Preliminary District Court Approval.

17.     "Parties" or "the Parties" -- All parties to this Settlement Agreement, to include all Plaintiffs and all Federal Defendants.

18.     "Plaintiffs" -- All Class Members who have not opted-out of the Class.

19.     "Preliminary District Court Approval" -- The Order, following submission of this Settlement Agreement to the Court, by which the District Court grants initial and preliminary approval of the Settlement Agreement.

## II.     Monetary Relief

### A.     Monetary Settlement for the Class Members, Class Representatives, Attorneys' Fees and Administration of the Class Fund

The class-wide monetary settlement is a total of $2,208,000 (two million, two hundred and eight thousand dollars), subject to reversion of funds to the U.S. Department of the Interior, which includes the Class Fund and the Attorneys' Fees and Costs Fund.  The fund is broken down as follows:

1.      The Class Members shall collectively receive a total of $1,640,000.

2.      Each eligible Claimant shall receive compensation from the Class Fund of $5,000 (subject to allocation, distribution and possible reversion of funds to the U.S. Department of the Interior), subject to the following contingencies.

i.     Should the participation rate be higher than 328 eligible Claimants (85% of the total number of arrestees), each eligible Claimant shall be allocated and awarded a pro-rata share of the Class Fund.  This will result in a payment to each of some amount less than $5,000.

ii.    Should the participation rate be equal to or lower than 328 eligible Claimants (85% of the total number of arrestees), each eligible Claimant shall receive a payment of $5,000. The U.S. Department of the Interior shall receive reversion of unallocated portion of the Class Fund.

3.    The Class Fund of $1,640,000 is the ceiling on any and all payments to Claimants by any and all Federal Defendants, including but not limited to payments by Federal Defendant Richard Murphy or payments made on his behalf by the U.S. Department of the Interior.

4.    The cost of administrating the funds and determining or adjudicating submitted claims shall by paid by Plaintiffs' Counsel at no additional cost to Federal Defendants.

5.    The Attorneys' Fees and Costs Fund is a total of $568,000.

6.    With respect to monetary relief, the notice and claim process shall provide Class Members with an opportunity to request exclusion, or to "opt out," from the monetary portion of the Settlement Agreement as provided in Section V below.  Opts outs on the monetary relief are allowed as may be approved by the Court.

**B.    Timing of Distribution of Funds to Class Representatives, Fund Administrator, Claimants and Payment of Fees and Costs**

1.    Within fifteen (15) days of Preliminary District Court Approval of this Settlement Agreement, monies constituting the Class Settlement Fund shall be released by the Federal Defendants to the Class Administrator, to be placed in an interest-bearing account.

2.      However, no funds may be distributed to the Class Members or Class Counsel without both (a) Final District Court Approval of this Settlement Agreement and (b) the exhaustion of all appeals and any period of time in which an objector or challenger may seek review by way of a writ of certiorari to the U.S. Supreme Court.

3.      In the event this Settlement Agreement is not upheld on appeal by the D.C. Circuit, or is reversed upon review by the U. S. Supreme Court, all funds (plus any interest accumulated in the Class Administrator's interest-bearing account) shall be returned to the U.S. Department of the Interior.

## III.   **Class-Wide Prospective Relief**

### A.      **Changes to U.S. Park Police Policies and Practices**

1.      <u>Interagency Coordination During Mass Arrests</u> -- The United States Park Police agrees to revise and reissue its Memorandum to the Force regarding Coordination with Other Law Enforcement Agencies and the Handling of Possible Violations by Other Agencies during Such Situations to include the following:

> "If the violation involves use of Force officers to help effectuate high volume arrests and prevent demonstrators from being free to leave or disperse in a manner inconsistent with General Order 2108.03, the Force officer in charge shall request the other agency's on-site supervisor to provide demonstrators with dispersal order(s) and an opportunity to comply."

2.      <u>U.S. Park Police Mass Arrest Policies and Procedures</u> -- The United States Park Police agrees to revise and reissue its General Order regarding High Volume Arrest Procedures to include the following:

> a. [2108.01 POLICY] Force officers shall not independently, or at the request of another police agency, substantially surround or enclose a demonstration group and prevent them from leaving the area unless either (1) warnings and an opportunity to disperse have occurred in the situations detailed in General Order 2108.03A and B, or (2) under the circumstances detailed in General Order 2108.03C-D.

b.  [2108.03 HIGH VOLUME ARREST PROCEDURES FOR NOTICE, CLOSING THE AREA, AND OPPORTUNITY TO DISPERSE]

i. [A] All arresting officers should be positioned in the rear of the crowd so they can hear the warnings, which should be issued by a Force Official at the rank of Lieutenant or above. The crowd shall then be advised, using sound amplification equipment as needed, that they (the group) are in violation of a specified law and will be arrested if they do not disperse or cease their illegal activity. The arresting officers positioned in the rear of the crowd should give a verbal and/or physical indication to the official giving the warnings, confirming that they are audible. Reasonable exit avenue(s) will be made available to allow members of the crowd to exit the area and the warnings shall inform the crowd where the exit avenue(s) is located. The warning shall be repeated three times, with approximately 2 minutes between each warning, to give those who choose not to be arrested time to leave the immediate closed area. If recorded over the Force radio, a dispatcher shall be asked to give a time check prior to issuing each warning.

SAMPLE WARNING: Attention. This is [identify announcing officer] of the United States Park Police. Because you are in violation of regulations applicable to this area, that prohibit [describe the violation] your permit to demonstrate on [describe area] is revoked. You must leave [describe area] now by using one of the available exists located at [describe available exit area(s)]. All persons remaining will be arrested. (This is your final warning. ADD TO LAST WARNING ONLY.)

ii. [B] In the event that the crowd is a demonstration [as more fully defined at 36 CFR 7.96(g)(1)(i)] engaging in unlawful acts, no area will be closed around them by using a police line to encircle, or substantially encircle them, except when (1) probable cause exists to believe that a significant number or percentage of the persons located in the area have committed unlawful acts, (2) the Force has the ability to identify those individuals and have decided to arrest them, and (3) that the area needs to be closed to help maintain order and public safety during the arrest process.

iii. [E]  In situations detailed in Subsection B, in the event that the Force is requested by another police agency to partially enclose or surround a demonstration activity due to unlawful violations, the Force OIC shall work with the other police agency's OIC to ensure that necessary actions are taken that exit avenues are clearly made known to demonstrators, including as necessary the use of amplified warnings. If Force officers are part of the police line, the exit avenues should be conveyed to those officers over Force radio and such officers should convey such exit avenue information to persons of their own initiative who are seeking to leave the area.

**B.     No Opts Outs for Equitable Relief**

No opts outs from the Class shall be permitted as to the Equitable Relief.

IV.     **Notice to Class Members and Potential Claimants**

A.      Notice to the Class shall be sent as soon as practical after Preliminary District Court Approval.

B.      The Class Administrator shall send a copy of the Postcard Notice (Exhibit 2) to all Class Members who can be identified through reasonable effort, including by first class mail to the last known address of each eligible Class Member under the District Settlement.

C.      The Class Administrator shall use the United States Postal Service (U.S.P.S.) National Change of Address database to update the address of Class Members whose initial notice by first class mail is returned to sender by the U.S.P.S.  Under such circumstances, and where such Class Member's current address is discernable, the Class Administrator shall additionally send a copy of the Postcard Notice (Exhibit 2) by first class mail to the updated address of such Class Member.

D.      The Class Administrator shall publish the Detailed Notice (Exhibit 1) on the Class Action Website.

E.      The text of the Newspaper Notice (Exhibit 3) shall be published by Class Counsel and/or the Class Administrator in the Washington City Paper once a week for two consecutive weeks.

F.      During the Supplemental Notice and Claim Period, the Class Administrator shall provide periodic reports to Class Counsel as to the status and progress of the claim submission and administration process.

G.      The Class Counsel and/or Class Representatives shall also publish or circulate announcements or shortened versions of the Notice on web sites or e-mail lists of their selection, in efforts to reach Class Members.

V.      **Deadlines for Submitting Claim Forms and to Request Exclusion or to Opt Out**

      A.      As a default, each Class Member who submitted a timely and eligible claim under the District Settlement shall be deemed an eligible and participating Claimant in this Settlement Agreement without need to submit an additional Proof of Claim form.

      B.      Any Class Member who excluded himself or herself or was deemed to have opted out of the class action to date shall be deemed to have opted-out of this Settlement Agreement without need for further action, including, but not limited to, RayMing Chang, Young Choi, Leanne Lee, and Christopher Zarconi who remain as plaintiffs in *Chang v. United States*, Civ. A. No. 02-2010 (EGS) (D.D.C.).

      C.      The Notices shall advise Class Members of the treatments described in Paragraphs A and B above.

      D.      The Notices shall also advise each Class Member that should he or she wish to exclude himself or herself, he or she must do so by submitting a request for exclusion within the Supplemental Notice and Claim Period.  Specifically, the Notice shall advise that the court will exclude from the Class, or allow to "opt out" from the Class, any Class Member who so requests. Any Class Member wishing to "opt out" or be excluded must so request in writing, by letter postmarked or received in hand within the Supplemental Notice and Claim Period.

      E.      The Notices shall also request that each Class Member who participated in the District Settlement notify the Claims Administrator of any changes in the Class Member's mailing address or other relevant contact information.

VI.     **Class Member Objections**

      Any Class Member who wishes to object to the terms of this Settlement Agreement shall be required, by a date specified in the Notices, to submit a written statement to the Court, with

copies to counsel, setting forth his or her objections. The statement shall contain the Class Member's name, signature, address and telephone number, along with a written statement of his or her objection(s) to the Settlement Agreement and the reason(s) for the objection(s). Class Counsel and defense counsel shall each file a response to such objections at least 7 days prior to the Fairness Hearing.

## VII.    <u>Other General Provisions</u>

A.    <u>General Release</u> -- Plaintiffs and all Class Members shall fully release, forgive and discharge the Federal Defendants, their officers, agents and employees, for all claims arising from or that could have been asserted by Plaintiffs and/or accepting Class Members as a result of the allegations in the Complaint under any theory of liability (including any request for attorneys' fees and costs in prosecuting this case), including any such claims or lawsuits in any other proceeding or forum.

B.    <u>No Admission of Liability</u> -- In entering into this Settlement Agreement, there is no admission of liability by the Federal Defendants or admission of any factual contentions that have been asserted by Plaintiffs in this litigation. Plaintiffs do not suggest or concede a lack of merit to their claims or to any factual contention that has been asserted by Plaintiffs in this litigation.

C.    <u>No Third Party Beneficiary Rights</u> -- No third party who is not a Class Member shall have any rights under the Settlement Agreement.

D.    <u>Non-Severability</u> -- The Parties do not intend this Agreement to be severable absent express written agreement by the Parties.

E.    <u>Duty to Defend the Agreement</u> -- The Parties and their counsel agree to defend the Settlement Agreement. Plaintiffs' Counsel may not undertake the representation of

individuals opting out of the settlement or persons who wish to object to the settlement whether on monetary or equitable relief.  Counsel for the Federal Defendants shall take no positions contrary to, or inconsistent with, the terms of the Settlement Agreement.

      F.    Notice and Cure Provision -- In the event of any alleged or actual violation of the Settlement Agreement, Plaintiffs through counsel shall provide written notice of such to Federal Defendants through defense counsel.  Federal Defendants shall have 60 days to remedy any violation prior to Plaintiffs seeking enforcement through a breach of contract claim.

      G.    Enforcement --

      1.    Enforcement Rights for Monetary Payments -- The United States District Court for the District of Columbia retains jurisdiction to ensure compliance with the monetary payment terms for a period of three years from the Court's final approval of settlement of this matter upon the terms herein and the exhaustion of any appeals (including any petition for writ of certiorari to the United States Supreme Court).

      2.    Enforcement Rights for Equitable Relief --

         i.    The U.S. Department of the Interior agrees to finalize the changes to its General Orders contained in the Equitable Relief within 30 days of the Court's final approval of this settlement and the exhaustion of any appeals (including any petition for writ of certiorari to the United States Supreme Court).

        ii.    Plaintiffs' right to enforce the Equitable Relief shall expire three years following the date of Final District Court Approval and the exhaustion of

any appeals (including any petition for writ of certiorari to the United States Supreme Court).

3. Except as provided above, the remedy for enforcement of any right created by this Agreement is by way of a claim for breach of contract claim subject to the notice and cure provision set forth in Paragraph F above and the other terms of this Agreement.

H. <u>Expiration of Agreement</u> -- Unless extended by the Court upon motion of Federal Defendants, this Settlement Agreement shall expire automatically within three years of the last of the following events: Final District Court Approval; disposition of all appeals; denial of any appeal or petitions for writ of certiorari to the Supreme Court of the United States.

I. <u>Joint Motion for Preliminary Approval</u> -- Within two weeks of the signing of this Settlement Agreement, the Parties will file a joint motion for preliminary approval of the Settlement Agreement.

J. <u>Class Eligibility and Qualification</u> -- It is the shared intent and objective that eligibility criteria and processes be effective to include all persons who fall within the Class definition and to exclude from qualification any persons who were not arrested in Pershing Park in the District of Columbia on September 27, 2002.

1. The Class Representatives on behalf of the Class and the Federal Defendants acknowledge the possibility that persons genuinely subject to the underlying arrest at Pershing Park will not be properly identified or documented in law enforcement records; and consequently seek to provide sufficient guidance to enable the Class Administrator to qualify individuals, in the potential presence of

inaccurate or incomplete records, where such individuals were in fact subject to the underlying arrest.

2.  The Class Administrator, in consultation with Class Counsel, shall develop or implement processes for achieving these objectives, within and consistent with the following guidelines:

i.  The Class Administrator or its designee shall be the determinator of the class eligibility of Claimants, consistent with the Class definition approved by the Court in the settlement of this action.

ii.  A Claimant shall be deemed eligible if his or her identity is or was reflected in a government or law enforcement or court record(s) as having been arrested in connection with the underlying class arrest.

    a.  A government or law enforcement record is any record created or issued or maintained by a law enforcement agency, a government agency or court.

    b.  The record need not have been maintained in the exclusive custody of government, and can be constituted by a law enforcement or government or court receipt or record issued to the claimant in relation to the arrest or release.

    c.  The record/form/item need not be strictly denominated as an "arrest record" in order to establish class qualification. For example, any of the following records would be acceptable if they evidence identity and class membership: bus/van transport log;

record of judicial release or processing; a property receipt or bag; citation release or post-and-forfeit form or record, etc.

d.     If circumstances arise where an individual is identified as being arrested on the relevant day, but records are ambiguous or contradictory as to the location or circumstances of arrest as being consistent with the qualifying mass arrest, the Class Administrator is to provide Class Counsel and counsel for the Federal Defendants the identity and any other pertinent information pertaining to the Claimant and request in writing that counsels, upon independent review of their and law enforcement records, advise whether they possess any information related to the Claimant's class membership.

3.     The Class Administrator may develop processes or standards to qualify persons who are believed or determined by the Class Administrator to have, in fact, been subject to the underlying mass arrest but whose arrest is not properly or completely documented in law enforcement records, subject to and within the following guidelines:

i.     Where a Claimant attests to Class membership, but the fact of his or her arrest is or was not documented in law enforcement records, the Class Administrator shall provide to Class Counsel and Defense Counsel the identity and any other pertinent information pertaining to the Claimant and request in writing that counsels, upon independent review of their and law

enforcement records, advise whether they possess any information related to the Claimant's Class membership.

ii.　Class qualification may be established where such individual can provide to the Class Administrator's satisfaction that he or she was, in fact, subject to the underlying Class arrest through presentation of information and/or evidence. Such information or evidence is not intended to be strictly limited to any particular form or format, and may for example include photographic evidence of the Claimant under arrest, but must be deemed sufficiently reliable and relevant for the Class Administrator to make a determination, which shall rest in the Class Administrator or designee's sole judgment.

iii.　In such circumstances, in addition to whatever other presentation he or she may make to the satisfaction of the Class Administrator, such Claimant shall be required to secure and submit sworn and notarized affidavits from two qualified Class Members attesting that each possesses personal knowledge, subject to penalty of perjury, that claimant was subject to the underlying mass arrest in Pershing Park specifically. For the purposes of this subsection, each of the two qualified Class Members shall be required to have been qualified based on their arrest being documented and manifest in law enforcement, government or court records.

4.　The Class Administrator, working in conjunction with Class Counsel, may develop and implement additional criteria or standards for determining the eligibility of persons who were juveniles at the time of arrest.

5.    The Class Administrator shall be required to maintain Claimant information and records in strict confidentiality, to be used solely for the purposes of Class administration.

6.    No cause of action may be brought against any Federal Defendants for any errors or omissions made by the Class Administrator, whether intentional or unintentional.

K.    <u>Return of Documents</u> -- Plaintiffs shall return to Federal Defendants all documents and any copies thereof produced by Federal Defendants, or any other federal government agency that are subject to a protective order, within 30 days of the termination of the case and the expiration of the period for any appeals or objections.

L.    <u>Complete Agreement and Amendments</u> -- This Agreement constitutes the complete agreement between the Parties.  This Agreement may not be amended except by written consent of the Parties.

M.    <u>Form of Agreement</u> -- This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

N.    <u>Non-Federal Defendant Claims</u> -- This Settlement Agreement does not encompass nor encumber Plaintiffs' advance of claims against non-Federal Defendants.

O.    <u>Drafter of Agreement</u> -- For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

P.    Disclosure of Agreement to Public -- All parties consent to the Federal Defendants' disclosure of this Agreement, and information about this Agreement, to the public.

Q.    Authority of Signatories -- Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.  Undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

R.    Choice of Law -- This Agreement is governed by the laws of the United States.

S.    Choice of Venue for Disputes -- The exclusive venue for any dispute relating to this Agreement is the United States District Court for the District of Columbia.

T.    Binding on Successors -- This Agreement is binding on all eligible Claimants' successors, transferees, heirs, and assigns.  This Agreement is binding on Class Counsel's successors, transferees, heirs, and assigns.  This Agreement is binding on, and shall inure to the benefit of, Federal Defendants' successors, transferees, heirs, and assigns.

<REMAINDER OF PAGE LEFT BLANK>

<SIGNATURE PAGES TO FOLLOW>

Signed and Agreed to on this 8th day of May , 2015, by:

Carl Messineo, D.C. Bar #450033
Mara Verheyden-Hilliard, D.C. Bar #450031
PARTNERSHIP FOR CIVIL JUSTICE
  FUND
617 Florida Avenue, NW
Washington, DC 20001
(202) 232-1180

*Attorneys for the Plaintiff Class*

VINCENT H. COHEN, JR. D.C. Bar #471489
Acting United States Attorney

DANIEL F. VAN HORN, D.C Bar #924092
Chief, Civil Division

By: _____
    MARINA UTGOFF BRASWELL,
      D.C. Bar #416587
    BRIAN P. HUDAK
    Assistant United States Attorneys
    555 Fourth Street, NW
    Washington, DC 20530
    (202) 252-2561

*Attorneys for the Federal Defendants*