**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
Notice of Class Action, Proposed Class Settlement and Hearing
*Barham, et al., v. Ramsey, et al.*, Case No. 02- CV-02283 (EGS)(JMF)

# If you were arrested in Pershing Park on September 27, 2002, in Washington, D.C., you could receive up to $5,000 from a class action settlement of claims against the Federal Government

- A settlement involving claims against the Federal Government has been proposed in the class action lawsuit about the illegality of the arrests of approximately 400 protesters and others **in Pershing Park** on Friday, September 27, 2002, in Washington, D.C.

- The class is "all persons who were arrested in Pershing Park in the District of Columbia on September 27, 2002," excepting those who have previously been excluded or opted-out.

- The proposed settlement with the Federal Government will provide up to $5,000 per class member in compensation. Attorneys' fees will be paid separately and will not be deducted from this amount. In addition, the arrests of class members will be confirmed as expunged. The class has demanded and the Federal Government has agreed to and has imposed substantial equitable relief and/or restrictions on police conduct to prevent recurrence.

- Your legal rights are affected whether you act, or don't act. **Strict deadlines will apply**.

| Your Legal Rights and Options in this Settlement: | |
|---|---|
| **If you filed a timely and eligible Claim in the District of Columbia settlement** | You are automatically eligible for the Proposed Settlement with the Federal Defendants. You do not need to re-submit a Claim form or take any additional action. Call 1-877-678-0736 to update your mailing address, if necessary, to receive your payment. |
| **Submit a Claim Form** | If you are a class member who did not file a timely and eligible Claim in the District of Columbia settlement, this is the only way to get a payment. **Deadline: June 15, 2015.** |
| **Exclude yourself** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit about the legal claims in this case. **Deadline: June 15, 2015.** |
| **Object** | Write to the Court about why you don't like the settlement. **Deadline: June 15, 2015.** |
| **Go to a Hearing** | Court Fairness Hearing: **MONTH 00, 2015.** |
| **Do Nothing** | Get no payment. Give up rights. |

*QUESTIONS OR ADDRESS UPDATES? Call 1-877-678-0736*   Page 1

## TABLE OF CONTENTS

BASIC INFORMATION ................................................................................................................ 4

    1. What is in this Notice? ................................................................................................ 4

    2. What is this class action lawsuit about? ..................................................................... 4

    3. Wasn't there already a settlement with the District of Columbia defendants in this lawsuit? ....................................................................................................................... 5

    4. If I already received compensation in the settlement with the District of Columbia Defendants do I need to re-submit forms to be able to participate in this proposed settlement with the Federal Defendants? ..................................................................... 5

    5. Who must file a Proof of Claim form? ....................................................................... 6

    6. What is the status of the lawsuit? ................................................................................ 6

    7. Why is this a class action? .......................................................................................... 7

WHO IS IN THE SETTLEMENT? ............................................................................................... 7

    8. How do I know if I am part of the settlement? ........................................................... 7

    9. Are there exceptions to being included? What if I "opted out" of the earlier District of Columbia settlement? ................................................................................. 8

    10. Is everyone who was arrested in connection with the Fall 2002 protests in Washington, D.C., a Class Member? ........................................................................... 8

    11. I'm still not sure if I am included. ............................................................................... 8

THE SETTLEMENT BENEFITS – WHAT YOU GET ................................................................ 8

    12. What does the settlement provide in terms of money? ............................................... 8

    13. How much will my payment be? ................................................................................. 8

    14. If I participate in the settlement, will any existing arrest records be sealed or expunged? ..................................................................................................................... 9

    15. What steps have been taken or will be required to be taken by the Settlement Agreement to prevent a recurrence or future unlawful mass arrest? ............................ 9

HOW TO GET A PAYMENT – SUBMITTING A CLAIM FORM .......................................... 12

16. How can I get a payment?........................................................................................ 12

17. How is it determined that I am an eligible class member? ........................................ 12

18. When would I get my payment? ............................................................................... 13

19. What am I giving up to get a payment or stay in the Class?...................................... 14

EXCLUDING YOURSELF FROM THE SETTLEMENT........................................................... 14

20. How do I exclude myself from the settlement? ......................................................... 14

21. If I don't exclude myself, can I later sue the Federal Defendants for the same mass arrest? ....................................................................................................................... 14

THE LAWYERS REPRESENTING YOU .................................................................................. 15

22. Do I have a lawyer in this case?................................................................................. 15

23. How will the lawyers be paid?................................................................................... 15

OBJECTING TO THE SETTLEMENT........................................................................................ 15

24. How do I tell the Court that I object to the settlement?............................................. 15

25. What is the difference between objecting and excluding?........................................ 16

THE COURT'S FAIRNESS HEARING....................................................................................... 16

26. When and where will the Court decide whether to approve the settlement?............. 16

27. Do I have to come to the hearing? ............................................................................. 16

28. May I speak at the hearing? ....................................................................................... 16

IF YOU DO NOTHING ............................................................................................................... 17

29. What happens if I do nothing at all? .......................................................................... 17

GETTING MORE INFORMATION............................................................................................. 17

30. Are there more details about the settlement?............................................................. 17

31. How do I get more information?................................................................................ 17

# BASIC INFORMATION

### 1. What is in this Notice?

The Court has directed that this notice be published because Class Members have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, if any arise at all, an administrator will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Columbia, and the case is known as <u>Barham, et al. v. Ramsey, et al.</u>, Case No. 02-CV-002283. The people who have sued are called the Plaintiffs and the persons and entities that have been sued are called the Defendants.

The Federal Government defendants in this case are the United States; Sally Jewell, U.S. Secretary of the Interior, in her official capacity; Loretta E. Lynch, the U.S. Attorney General, in her official capacity; and former-Major Richard Murphy of the U.S. Park Police in his individual and official capacities (collectively referred to as the "Federal Defendants").

### 2. What is this class action lawsuit about?

The lawsuit asserts that the Federal Defendants acting together with D.C. Metropolitan Police Department engaged in the false arrest of a class of individuals in Pershing Park on the morning of Friday, September 27, 2002.

On the morning of September 27, 2002, there were well-publicized protests at multiple locations in Washington, D.C., timed to coincide with the Fall meetings of the International Monetary Fund and World Bank.

Hundreds of persons, including protestors, tourists, legal observers, bystanders, journalists and others congregated or were present within Pershing Park. By all accounts, the conduct in the park was peaceful. People were "milling about" the park, many carried protest signs or symbols and some persons beat on drums.

Some number of persons entered the park on, or with, their bicycle. A bicycle protest, which had initiated at the Union Station train station, terminated at Pershing Park and many bike protesters entered the park.

No warnings or orders to disperse were issued to the persons who had assembled, or who were physically present, within the park.

Law enforcement, including the United States Park Police and others acting as agents of the Federal Government, used police lines to surround the park and denied persons the ability to leave.

The MPD brought mass arrest busses to the park. From the southeast corner of the park, near a set of steps leading down from the park to the sidewalk, police loaded persons onto the busses and transported them away.

The Class claims assert that the mass arrest in Pershing Park on September 27, 2002, violated the Constitution of the United States, including the First and Fourth Amendment rights of those arrested. It is also asserted that the arrest violated Class Members' rights under District of Columbia law to be free of false arrest and that the arrest constituted false imprisonment under District of Columbia law.

The Class alleges that Richard Murphy was the ranking U.S. Park Police official and that he ordered officers under his command to enclose the Class in the park and to prevent them from leaving.

Money damages, equitable relief (or rule/policy reform), and attorneys fees and costs have been sought against the Federal Government on behalf of the class.

> 3. **Wasn't there already a settlement with the District of Columbia defendants in this lawsuit?**

Yes. The class claims against the District of Columbia defendants were settled in 2010. The deadline for participating in that settlement expired in 2010. However, claims against the Federal Defendants were not settled and remained pending.

The Proposed Settlement would resolve the claims against the Federal Defendants and end the lawsuit.

> 4. **If I already received compensation in the settlement with the District of Columbia Defendants do I need to re-submit forms to be able to participate in this proposed settlement with the Federal Defendants?**

No. In order to streamline procedures and maximize participation, the parties have agreed that every class member who filed a <u>timely and eligible</u> Proof of Claim in connection with the settlement with the District of Columbia Defendants is automatically and by default a part of the Proposed Settlement with the Federal Defendants.

If you received compensation as an eligible Class Member in the earlier settlement with the District of Columbia, you do not have to submit a new Proof of Claim form or take any further action to be eligible to participate in the Proposed Settlement.

**If you received compensation in the settlement with the District of Columbia it is important that you confirm and, if necessary, update your address and contact information so that compensation from this settlement, if approved, will be properly directed to you.** You can

contact the Claims Administrator at the following toll-free number to confirm and update your contact information, including address: 1-877-678-0736.

It is essential that you update your contact information, as unclaimed funds will revert to the U.S. Government.

### 5. Who must file a Proof of Claim form?

If you are an eligible Class Member (i.e., you are a person who was arrested in Pershing Park in the District of Columbia on September 27, 2002) who did not file a timely and eligible Proof of Claim form in connection with the District of Columbia settlement (i.e., did not receive payment as part of that settlement), you must file a Proof of Claim form within the time deadlines to participate in this settlement with the Federal Defendants.

*If you are an eligible Class Member who did not file a Proof of Claim in the settlement with the District of Columbia or if you filed an untimely Proof of Claim form in the settlement with the District of Columbia*, you must file a Proof of Claim form received or postmarked by no later than **June 15, 2015.**

The same eligibility verification standards exist for participation in this Proposed Settlement as existed for the District of Columbia settlement.

Persons who have previously excluded themselves from this litigation ("opted out") remain opted out and cannot participate in this settlement.

### 6. What is the status of the lawsuit?

An initial complaint in this matter was filed on November 19, 2002. On September 19, 2003, U.S. District Court Judge Emmet J. Sullivan certified the class for declaratory, injunctive and compensatory relief.

The only federal defendant who is potentially liable to the class for money damages is U.S. Park Police former-Major (Captain at the time of the events) Richard Murphy, who is sued personally and in his individual capacity. If an award of damages issued in favor of the class against Murphy personally, the U.S. Government would decide whether it would indemnify Murphy (i.e., whether the U.S. Government would pay to the class the damages awarded against Murphy personally).

On July 10, 2007, Judge Sullivan denied the Federal Defendants' motions to dismiss and ruled that the class claims against Richard Murphy personally could proceed. See Barham v. Ramsey, 2007 U.S. Dist. LEXIS 49405 (D.D.C. 2007). Murphy appealed this ruling to the U.S. Court of Appeals for the District of Columbia Circuit.

On February 20, 2009, the U.S. Court of Appeals ruled that it lacked jurisdiction and could not address Murphy's appeal because it turned on issues of fact that, if proven by Murphy, would

render him immune from further lawsuit or damages. See Barham v. Salazar, 556 F.3d 844 (D.C. Cir. 2009).

Throughout the case, there has been ongoing and extensive litigation, including scores of depositions and discovery and motions. The plaintiffs have taken over 100 depositions of defense witnesses in this case, some number of which extended over multiple days.

The parties have engaged in extensive settlement discussions which have resulted in the proposed Settlement Agreement that is the subject of this notice.

### 7. Why is this a class action?

In a class action, one or more people called Class Representatives sue on behalf of people who have similar claims. In this case seventeen individuals representing a broad cross section of persons who were arrested have served as Class Representatives.

The class representatives include: protestors who entered the park on foot; protestors who were a part of the Union Station bicycle protest to draw attention to the effectiveness of non-fossil fuel based means of transport; nurses who were attending a professional conference in Washington, D.C., and staying at a hotel that abutted Pershing Park, and who entered the park to see if there was a speaker to listen to; National Lawyers Guild legal observers; a photo-journalist; and others who, on their way to work, entered Pershing Park and were not allowed to exit.

They have been active participants in the litigation, on behalf of the class as a whole and have been subjected to discovery, depositions and other requirements of the lawsuit that has been active since 2002. All other class members may share in the relief and recovery, if any, from the litigation without being active participants in the ongoing proceedings and litigation.

In a class action, one court resolves the issues for all Class Members, except for those who voluntarily exclude themselves or "opt out" from the Class.

U.S. District Court Judge Emmet G. Sullivan is in charge of this class action.

## WHO IS IN THE SETTLEMENT?

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

### 8. How do I know if I am part of the settlement?

Judge Sullivan decided that everyone who fits the following definition of the Class is a Class Member: *All individuals who were arrested in Pershing Park in the District of Columbia on September 27, 2002.*

All persons who filed timely and eligible Proof of Claim forms in connection with the District of Columbia settlement are automatically participants in the Proposed Settlement with the Federal Defendants. Such individuals need to take no further action to receive compensation in this

Proposed Settlement, but **are advised to confirm and, if necessary, update their contact and mailing information with the Claims Administrator by calling 1-877-678-0736.**

It is essential that you update your contact information, as unclaimed funds will revert to the U.S. Government.

If you are an eligible Class Member who did not file a Proof of Claim in the settlement with the District of Columbia or if you filed an untimely Proof of Claim form in the settlement with the District of Columbia, you must file a Proof of Claim form received or postmarked by no later than **June 15, 2015,** in order to participate in the Proposed Settlement with the Federal Defendants.

### 9. Are there exceptions to being included? What if I "opted out" of the earlier District of Columbia settlement?

If you fit the description, above, you are a Class Member unless you have already opted out of this lawsuit, including by filing your own lawsuit over the same underlying events.

If you have been deemed to have previously opted out of this lawsuit you cannot receive compensation from this Proposed Settlement with the Federal Defendants.

### 10. Is everyone who was arrested in connection with the Fall 2002 protests in Washington, D.C., a Class Member?

No. Only if you fit the class description, above, are you a Class Member.

Persons who were arrested, including on September 27, 2002, at locations other than in Pershing Park are not Class Members.

There were approximately forty people who were arrested on Connecticut Avenue between K and L Streets, and approximately 150 persons arrested in the vicinity of Vermont Avenue and K Street, N.W. The class definition does not include these arrests.

### 11. I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can call 1-877-678-0736 or visit www.PershingParkSettlement.com for more information.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

### 12. What does the settlement provide in terms of money?

The Federal Defendants have agreed to create a $1,640,000 fund (hereinafter the "Class Fund") to be distributed among all eligible Class Members, in accordance with the Settlement Agreement, with a maximum payment of $5,000 per class member.

### 13. How much will my payment be?

If it is determined that you are an eligible Class Member you will be entitled to compensation from the Class Fund.

Your share of the fund will depend on the number of eligible Class Members, and is also subject to a maximum payment of $5,000 per Class Member. Here's how it works:

The fund has been set up within a framework that assumes an 85% participation rate of persons believed to have been arrested (approximately 386 persons).

Should the participation rate be equal or lower than 328 eligible Claimants, each eligible Claimant shall receive $5,000.

Should the participation rate be higher than 328 eligible Claimants, each eligible Claimant shall be allocated a pro-rata share of the Claimants' Fund. This will result in a payment to each of some measure less than $5,000, but no less than $4,248.70 (the amount paid with a 100% participation rate).

This assumed participation rate is based on the known participation rate in the earlier settlement with the District of Columbia. Class counsel believes there to be a strong likelihood that participants to this settlement will receive $5,000 each. However the amount will ultimately be determined by the number of eligible Claimants.

### 14. If I participate in the settlement, will any existing arrest records be sealed or expunged?

Yes. In connection with the earlier settlement with the District of Columbia, the D.C. Government was ordered by the U.S. District Court to expunge or procure the expungement of each Class Member's September 27, 2002, arrest records in the possession of the District of Columbia government or courts and in the possession of the United States Government, including the Federal Bureau of Investigation.

The FBI has previously reported to Class Counsel the steps it undertook to expunge the arrests of Class Members, including both identified arrestees as well as those identified solely as Jane or John Does, from its criminal history information systems. The FBI is currently re-confirming that there are no records in its Criminal Justice Information Services Division information systems containing records of an arrest of any Class member made by the MPD on or about September 27, 2002. Upon completion of this review, the claims against the FBI will be dismissed.

### 15. What steps have been taken or will be required to be taken by the Settlement Agreement to prevent a recurrence or future unlawful mass arrest?

The attorneys at the Partnership for Civil Justice, the Class Counsel in this case, have undertaken efforts in the Barham class action and other cases, as well as before the Council of the District of Columbia, to secure meaningful equitable relief to prevent a recurrence or future unlawful mass arrest.

During the course of this litigation as a consequence of the events of the Pershing Park mass arrest and complaints regarding other police conduct in the context of mass demonstrations, the

Council of the District of Columbia undertook an extensive investigation and enacted new District of Columbia laws that impose restrictions on the Metropolitan Police Department in the context of mass demonstrations.

The First Amendment Rights and Police Standards Act of 2004:

- Establishes restrictions on the use of police lines to surround First Amendment protected assemblies;

- Prohibits wrist-to-ankle restraints or flexcuffs in the context of certain mass demonstration arrests;

- Affirms that it is _not_ an offense for persons to demonstrate or parade on the sidewalks, the roadways or other public ways without a permit;

- Requires police to provide an accurate written statement of options for release from policy custody in the event of protest-related arrests;

- Requires the prompt processing of persons arrested in connection with a First Amendment assembly and, further, requires a supervisory rank officer to "document and explain" any instance where a protest-related arrestee eligible for and requesting release is not released within 4 hours from the time of arrest;

- Establishes that the policy of the District of Columbia is to avoid issuing general orders to disperse First Amendment activities;

- Requires, in the limited circumstances where dispersal of a protest may be authorized under law, that the MPD shall issue one or more audible orders to those assembled using an amplification system or device, and shall provide persons with an adequate time to disperse and with a clear and safe route for dispersal;

- Prohibits the deployment of officers in riot gear to First Amendment assemblies, except in limited circumstances where there is a danger of violence and, further, requires the commander at the scene to issue a written report to the Chief which is to be made available to the public following any deployment of officers in riot gear;

- Requires officers assigned to First Amendment assemblies are equipped with easily visible or "enhanced" badge or name identification that remains visible and allows identification even if officers are wearing riot gear;

- Requires that the MPD promulgate regulations that pertain to the particularized First Amendment interests of reporters and media when present at a First Amendment protected assembly, including mandating that media not be denied the access that is available to members of the general public and be granted additional physical access to areas closed to the general public in order to assist their ability to report on the event. See also 24 D.C.M.R. §2104 (regulations, as promulgated, which among other things establish the policy of the MPD is "that media representatives shall have maximum access to First Amendment assemblies. . . consistent with maintaining public safety. . .").

In addition, in the context of the Barham litigation, the District of Columbia entered into a written agreement requiring that the Metropolitan Police Department's Mass Demonstration Handbook shall be amended to state and provide written notice to officers that:

- Parading without a permit, demonstrating without a permit, and participating in a First Amendment Assembly without a permit are not arrestable offenses;

- New restrictions relating to the use of police lines have been imposed by the First Amendment and Police Standards Act of 2004, including specific reference to the substance of those restrictions. Additionally, the agreement requires such notice also be included in the standard 40 hour course given to new officers pertaining to "civil disturbance unit (CDU) training" and including in the standard 8 hour refresher course required of all officers with CDU responsibilities.

The Plaintiffs allege that in the September 27, 2002, mass arrest, the U.S. Park Police engaged in joint action with the D.C. Metropolitan Police, including using U.S. Park Police to establish police lines to surround demonstrators without notice or warnings or orders to disperse. The Federal Defendants assert that they were simply providing backup assistance to the MPD. Counsel for both parties have engaged in extensive settlement discussions, including regarding the promulgation of rules and policy changes that would avoid a recurrence of events as alleged by Plaintiffs. The Proposed Settlement with the Federal Defendants requires rule and policy changes on the U.S. Park Police, including:

- The U.S. Park Police, absent exceptional circumstances, shall not independently or at the request of another agency (including the D.C. Metropolitan Police Department) substantially surround or enclose a demonstration group and prevent them from leaving an area unless warnings and an opportunity to disperse have first issued.

- Warnings must be audible to the entire demonstration and issued by a U.S. Park Police official at the rank of Lieutenant or above. Warnings shall be issued using sound amplification equipment as needed, shall inform the group that they are in violation of a specific law and will be arrested if they do not disperse or cease specified illegal activity. Officers shall be positioned in the rear of the crowd to confirm to the official giving the warning that the warnings are audible even at the rear.

- To ensure that there is meaningful opportunity to comply with any dispersal order, exit avenues will be made available to allow members of the crowd to exit the area and the warnings shall inform the crowd where the exit avenue(s) is located.

- Warnings shall be repeated three times, with approximately 2 minutes between each warning, to give those who choose not to be arrested time to leave the immediate closed area. If recorded over U.S. Park Police Force radio, a dispatcher will be asked to give a time check prior to issuing each warning.

- In the event that the U.S. Park Police is requested to backup or assist by another police agency, such as the D.C. Metropolitan Police Department, and to partially enclose or surround a demonstration activity, the U.S. Park Police Officer in Charge (OIC) shall work with the other agency's OIC to ensure that exit avenues are clearly made known to demonstrators, including as necessary through the use of amplified warnings. If U.S. Park Police officers are part of a police line, the exit avenues should be conveyed to those officers over U.S. Park Police radio and those officers should convey such exit avenue information to persons of their own initiative who are seeking to leave the area.

- Where U.S. Park Police backup or coordinate with other law enforcement agencies, including the D.C. Metropolitan Police Department, and the other agency seeks U.S. Park Police to assist in high volume arrests that do not comply with applicable the U.S. Park Police Orders requiring warnings and opportunities to comply, the U.S. Park Police Officer In Charge must request that the other agency provide demonstrators with dispersal orders and an opportunity to comply before effectuating mass arrests.

## HOW TO GET A PAYMENT – SUBMITTING A CLAIM FORM

### 16. How can I get a payment?

**If you received compensation as an eligible Class Member in the earlier settlement with the District of Columbia, you do not have to submit a new Proof of Claim form**.

*If you are an eligible Class Member who did not file a Proof of Claim in the settlement with the District of Columbia or if you filed an untimely Proof of Claim form in the settlement with the District of Columbia*, you must file a Proof of Claim form received or postmarked by no later than **June 15, 2015.** If you do not timely and properly submit your Proof of Claim Form, you will not receive any money from the settlement.

A Proof of Claim form available on the internet at www.PershingParkSettlement.com or upon request to the Claims Administrator. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked no later than **June 15, 2015.**

### 17. How is it determined that I am an eligible class member?

The Class Administrator shall be the determinator of the class eligibility of Claimants, consistent with the class definition approved by the Court and the application of certain guidelines.

All Class Members who previously received compensation as part of the settlement with the District of Columbia Defendants are automatically and by default deemed to be eligible and participating in the Proposed Settlement with the Federal Defendants.

The eligibility of any new Claimants who submit a Proof of Claim Form will be determined using the same guidelines and instructions as were applicable to the District of Columbia Settlement. These guidelines and instructions were and remain as follows:

> Claimants whose identity and arrest can be confirmed by reference to law enforcement or government records or documents will be deemed eligible.
>
> The Class Administrator will be provided with law enforcement records, include arrest records, to facilitate this determination.
>
> **Please submit with your Proof of Claim Form copies of any documents (not originals) or materials you have that show that you were subject to the September 27, 2002, mass arrest in Pershing Park.**
>
> In the event that a Claimant or arrestee is not accurately reflected in MPD or law enforcement records, the Class Administrator will review any government or law enforcement documents or records or items that have been submitted with the Proof of Claim Form.
>
> Materials submitted by Claimants need not be strictly denominated as an "arrest record" in order to establish class qualification. For example, any of the following would be acceptable if they evidence identity and class membership: Citation Release forms, a Notice to Appear at a Court Hearing, a property receipt or bag, a "post and forfeit" form or record.
>
> Additional procedures will be available for the Class Administrator to determine class eligibility in the absence of confirmation through law enforcement records.

### 18. When would I get my payment?

The Court will hold a hearing on **Month 00, 2015,** to decide whether to approve the settlement. If Judge Sullivan approves the settlement, after that, there may be appeals.

If the Court approves the settlement at that hearing, and there are no objections or appeals that delay proceeding, we anticipate that each eligible Claimant will receive his or her award within four weeks of the issuance of final approval.

If you do not receive your payment by this date, please do not delay and contact the Claims Administrator at **1-877-678-0736**.

| 19. **What am I giving up to get a payment or stay in the Class?** |
|---|

Unless you exclude yourself, you are staying in the class, and that means that you can't sue, continue to sue, or be part of any lawsuit against the defendants about the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you.

Claims against the FBI shall be dismissed, without prejudice, upon completion of the expungement re-confirmation efforts by the FBI. By effect of the proposed Settlement Agreement with the Federal Defendants, in exchange for your receipt of money and other relief, you will release the Federal Defendants and its officers from any further claims.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue on your own and with your own attorney about the legal issues against the Federal Defendants in this case, then you must take steps to get out. This is called excluding yourself or "opting out" of the class. The Court will exclude from the class any member who requests exclusion.

| 20. **How do I exclude myself from the settlement?** |
|---|

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from <u>Barham, et al. v. Ramsey, et al.</u> Be sure to include your name, current address, current telephone number, your address at the time of the arrest (to facilitate locating you in law enforcement records) and your signature. You must mail your exclusion request postmarked no later than **June 15, 2015,** to:

> Barham Class Exclusions
> c/o Gilardi & Co LLC
> PO Box 8060
> San Rafael, CA 94912-8060

If you ask to be excluded, you will not get any settlement payment and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue or continue to sue defendants in the future for claims related to the underlying arrest.

| 21. **If I don't exclude myself, can I later sue the Federal Defendants for the same mass arrest?** |
|---|

No. Unless you exclude yourself, you give up any rights to sue the defendants for the claims that this settlement resolves.

If you previously excluded yourself or were deemed to have been excluded from the settlement with the District of Columbia Defendants, you cannot participate in this Proposed Settlement and you do not need to exclude yourself again.

**THE LAWYERS REPRESENTING YOU**

### 22. Do I have a lawyer in this case?

The Court has certified the Partnership for Civil Justice Fund, including attorneys Carl Messineo and Mara Verheyden-Hilliard, to represent the Class. These lawyers are called Class Counsel.

You will not be charged for these lawyers. You will not be asked to pay your own personal money for the services of these attorneys and their associates and staff in litigating this case and negotiating this settlement.

Only Class Counsel may act on behalf of the class. However, that does not prevent you from hiring your own lawyer to advise you personally about your rights, options or obligations as a Class Member in this lawsuit. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 23. How will the lawyers be paid?

The parties will ask the Court to approve payment to Class Counsel of $568,000 for the legal services and costs associated with bringing the class action. The fees would pay Class Counsel for all services rendered, as well as all costs incurred, from investigating the facts, litigating the case over the course of 12+ years, the conduct of scores of depositions, extensive briefing, defending against the appeal of Richard Murphy to the U.S. Court of Appeals, negotiating the settlement, and services to be performed to facilitate the administration and distribution of funds (which will be handled primarily by the Class Administrator).

The amount of attorneys fees and costs will not come out of your compensation of up to $5,000, nor will it reduce the funds available for the Class Members.

The amount of attorneys' fees and costs are set forth in the Settlement Agreement, and constitute a payment fund distinct from Claimants' Funds.

**OBJECTING TO THE SETTLEMENT**

### 24. How do I tell the Court that I object to the settlement?

If you are a Class Member, you can object to the settlement agreement if you don't like any part of it. You can submit for the Court's consideration reasons why you think the Court should not approve it. To object, you must send a letter stating that you object to the proposed settlement agreement in Barham, et al. v. Ramsey, et al. Be sure to include your name, address, telephone number, your signature, and the reasons why you object to the settlement.

The attorneys for the Class and for the defendants will be allowed to file with the Court a written response to any submitted objections.

If you wish to assert any objections, you are required to submit those to three different places postmarked by no later than **June 15, 2015:**

| To the Court | To Class Counsel | To Defense Counsel |
|---|---|---|
| Clerk's Office<br>United States District Court<br>  for the District of Columbia<br>333 Constitution Ave. NW<br>Washington, D.C. 20001 | Carl Messineo<br>Barham Class Counsel<br>Partnership for Civil Justice Fund<br>617 Florida Ave, N.W.<br>Washington, D.C. 20001 | Marina Utgoff Braswell<br>Assistant U.S. Attorney<br>555 Fourth Street, NW<br>Washington, D.C. 20530 |

### 25. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be a part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend, and you may ask to speak, but you don't have to.

### 26. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at **0:00 a.m.** on **day, month 00, 2015**, at the United States District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington, D.C., 20001. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are any objections, the Court will consider them. Judge Sullivan will also listen to any Class Members who ask to speak at the hearing. At or after the hearing, the Court will decide whether to approve the settlement.

### 27. Do I have to come to the hearing?

No. Class Counsel will respond to any questions that Judge Sullivan may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 28. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter stating that it is your "Notice of Intent to Appear at Fairness Hearing in Barham v. Ramsey." Be sure to include your name, address, telephone number and your signature. Your Notice to Intent to Appear must be postmarked no later than **June 15, 2015,** and be sent to the Clerk of the Court, Class Counsel and Defense Counsel at the three addresses set forth in

question 24, above. You cannot speak at the hearing if you have excluded yourself or opted out of the Class.

## IF YOU DO NOTHING

### 29. What happens if I do nothing at all?

If you do nothing, your rights will be affected. You will be bound by the terms of the Settlement and you will be agreeing to a release of the claims that are contained in the Settlement Agreement. However, if you did not file a timely and eligible claim in this or the earlier settlement with the District of Columbia, you will not be entitled to any money from the settlement.

## GETTING MORE INFORMATION

### 30. Are there more details about the settlement?

This notice provides important information the proposed settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by visiting www.PershingParkSettlement.com.

### 31. How do I get more information?

You can call 1-877-678-0736 toll free; write to Barham Class Administrator c/o Gilardi & Co. LLC, P.O. Box 8060, San Rafael, CA, 94912-8060; or visit www.PershingParkSettlement, where you will find answers to common questions about the settlement, a Proof of Claim Form, plus other information to help you determine whether you are a Class Member and eligible to receive money and participate in the Class Settlement Agreement.